**Olen KENNEDY, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defend-ant in Error.**

**No. A–14396.**

Court of Criminal Appeals of Oklahoma.

May 22, 1968.

Rehearing Denied June 12, 1968.

Durrett & Johnson, Tahlequah, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Olen Kennedy, hereinafter referred to as defendant, was charged by information in the District Court of Adair County with the offense of "Shooting With Intent to Kill After Former Conviction of a Felony." He was tried by a jury in a two-stage proceeding.

At the outset only the information alleging the offense of "Shooting with Intent to Kill" was read to the jury and at the conclusion of the evidence the jury was properly instructed to determine the guilt or innocence of the accused for the principal offense charged. The jury returned

a verdict finding the defendant guilty and the second stage of the proceedings began with the reading of the information alleging the offense of "Shotting with Intent to Kill After Former Conviction of a Felony."

Thereafter, the State introduced, without objection, the judgment and sentence entered on the defendant's plea of guilty on the 25th day of October, 1960, the same providing:

"JUDGMENT AND SENTENCE ON PLEA OF GUILTY

STATE OF OKLAHOMA
COUNTY OF SEQUOYAH } ss                    IN DISTRICT COURT

BE IT REMEMBERED, that on the 25th day of October, A.D. 1960, the same being one of the days of the July 1960 term of the District Court of Sequoyah County, State of Oklahoma, there being present Honorable E. G. Carroll, Judge, E. W. Floyd, Sheriff, and Theodore Stites, Clerk and public proclamation of the opening of said Court having been made, the following among other proceedings were had:

THE STATE OF OKLAHOMA
        vs.                         } No. 3807
OLEN KENNEDY

The prisoner, the above named Olen Kennedy defendant, being personally present in open Court, and having been legally charged for the crime of Accessory to assault with intent to kill and arraigned, and said defendant having entered therein his plea of guilty, as charged in said Information and being asked by the Court if he had any legal cause to show why judgment and sentence should not be pronounced against him, and he giving no good reason in bar thereof.

IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the said Olen Kennedy be confined in the State Penitentiary at McAlester, in the State of Oklahoma for the term of Five (5) years, for said crime by him committed, said term of sentence to begin from the date of delivery of said defendant to the warden of the penitentiary at McAlester, Oklahoma, and that said defendant pay the costs of this prosecution, taxed at $_____, for which execution is awarded.

* * * and thereupon the Court notified the defendant of his right to appeal.

Done in open Court on this 25th day of October, 1960.

/s/  E. G. CARROLL
                                        JUDGE"

———◆———

The State then introduced, without objection, the exhibit showing the Sheriff's return and introduced the testimony of Ted Stites, Court Clerk of Sequoyah County, who identified the defendant as being one and the same person who had entered a plea of guilty to the Sequoyah County offense, who was sentenced as above set forth. Counsel for defendant objected to the introduction of any evidence tending to prove said prior conviction in an effort to attack the validity of said prior convic-

tion. Defendant's objection was overruled. The defendant then introduced the Information which formed the basis for the prior conviction. The State rested, and the defendant testified that he had entered a plea of guilty to the charge in Sequoyah County but that he was not represented by counsel at that time. The Court overruled the defendant's objection to the validity of the prior conviction and instructed the jury on the enhanced punishment for the commission of "Shooting with Intent to Kill, After Former Conviction of a Felony."

■ Counsel now correctly contends that the judgment and sentence sought to be introduced in the second stage of the proceeding was improperly admitted since it did not reflect that the defendant had been advised of his right to be represented by counsel, and had effectively waived the same. We are of the opinion that the recent decision of the United States Supreme Court in Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, correctly states the law with reference to the instant case. In Burgett v. Texas, supra, the Supreme Court of the United States held:

"In this case the certified records of the Tennessee convictions on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceedings, and therefore that his conviction was void. Presuming waiver of counsel from a silent record is impermissible. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. To permit a conviction obtained in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 to be used against a person either to support guilt or enhance punishment for another offense (see Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477 [16 L.Ed.2d 526]) is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right."

Since the evidence of the inadmissible prior conviction was introduced during the one-stage proceeding and the jury found the defendant guilty of only the principle offense charged and apparently disregarded the prior conviction, it was argued in Burgett that the trial court's admonition to disregard the prior conviction if the jury did not find and believe that there had been a prior conviction, was harmless error. The Supreme Court of the United States, nevertheless, held that since this was improperly admitted, it may have influenced the jury in arriving at the determination of the defendant's guilt and the conviction was reversed and remanded.

■ We are of the opinion that the instant case is clearly distinguishable from that in the Burgett case, supra, in that the defendant's guilt of the principle offense charged was determined prior to the introduction of evidence of the Sequoyah County conviction. It is abundantly clear under these circumstances that the admission of such evidence did not influence the jury's determination of the defendant's guilt, but rather resulted in the imposition of a greater sentence being imposed under the enhanced punishment provision. Under these circumstances, we are of the opinion that since the punishment for Shooting with Intent to Kill is imprisonment in the State Penitentiary for a term not exceeding Twenty (20) years, the court's admission of the certified record of a prior conviction which does not reflect that the defendant was advised of his right to counsel and effectively waived the same, and the court's instruction that the offense of Shooting With Intent to Kill After Former Conviction of a Felony is punishment by imprisonment for life or any lesser term of years, influenced the jury in giving the defendant a greater punishment than it would ordinarily have given.

Under the record before us, we are of the opinion that the interest of justice can best be served by modifying the judgment and sentence from a term of Twenty (20)

years imprisonment in the State Penitentiary at McAlester, to a term of Ten (10) years imprisonment in the State Penitentiary, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BRETT, J., concurs.