Leroy **TIFFEY**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–14866.

Court of Criminal Appeals of Oklahoma.

Sept. 30, 1970.

Rehearing Denied Oct. 21, 1970.

Jay Dalton, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Prudence Little, Asst. Atty. Gen., for defendant in error.

### BUSSEY, Judge.

Leroy Tiffey, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County for the crime of Robbery with Firearms, After Former Conviction of a Felony, was sentenced to serve not less than 30 nor more than 90 years imprisonment in the state penitentiary, and appeals.

Briefly stated, the facts of this case are as follows: On the 28th day of June, 1967, in Tulsa County, a robbery took place between the hours of 10:30 p. m. and 11:00 p. m. at a shopping cart grocery store located at 2414 Southwest Boulevard. There was testimony at the time of trial that two men were involved in robbing the store. The defendant herein was identified by two of the State's witnesses as the robber who held the gun on them and robbed them on the night in question.

The acting manager at the time of the robbery, a Mrs. Mary' Dean, testified that the defendant herein wielded a sawed-off shotgun and threatened them with their lives if they did not obey his command. A Mrs. Ida Ruth McDowell also testified that the defendant was the same person she saw on the evening in question robbing the grocery store and that she was there as a customer at the time of the incident. The State further produced a witness, a Mr. Raymond Boerland, who was also employed at the grocery store at the time of the crime and he testified

that the defendant was wielding a sawed-off shotgun, further corroborating the other witnesses. He, however, did not make an identification of the defendant.

The State's last witness was Police Officer Charles Jones, who testified that the defendant herein confessed to the crime after being advised of his constitutional right to remain silent.

The defendant did not testify nor offer any witnesses in his behalf.

There are several questions urged on appeal, but only one possesses sufficient merit to warrant discussion in this opinion and that is that the trial court erred in admitting evidence of the defendant's former conviction in Tulsa County District Court Case No. 11806, in the second stage of the two-stage proceeding, after the defendant's guilt of the primary offense had been determined. It is the defendant's position that since the judgment and sentence does not reflect, nor do the records of the court affirmatively reflect, that the defendant was represented by counsel at the time of pronouncement of judgment and sentence, or had effectively waived the same, the judgment and sentence is void and that this cause should either be reversed or modified. The defendant relies upon Trammel v. Page, Okl.Cr., 444 P.2d 472 and Cornley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70.

It is the State's position that the decision most closely analogous to the situation here presented is neither Trammel v. Page, supra, nor Cornley v. Cochran, supra, but Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, wherein the Supreme Court of the United States held that it was reversible error for the trial court to expose the jury to information concerning previous convictions when it did not appear in the record of the previous convictions that defendant was represented by counsel. A defendant is constitutionally guaranteed the right to assistance of counsel, and if denied that right on one conviction, the wrong cannot be compounded

by later using that same conviction to enhance punishment on a later charge.

The State correctly contends that the instant case is distinguishable from *Burgett* in that in *Burgett* the void judgment and sentence was admitted prior to a determination of the defendant's guilt and may have influenced the jury in making that determination; whereas in the instant case the jury had determined the defendant's guilt prior to the admission of the judgment and sentence in District Court Case No. 11086. The State further correctly contends that the judgment and sentence now complained of was only one of several prior convictions offered in the second stage of the two-stage proceeding. Other final judgments and sentences imposed while the defendant was represented by counsel were in Kingman County, Kansas Case No. 1213; Tulsa County District Court Case No. 12647; Tulsa County District Court Case No. 12648; and Tulsa County District Court Case No. 12649.

Under the circumstances here presented it is readily apparent that the void judgment and sentence rendered in Tulsa County District Court Case No. 11086 could not have influenced the jury in their determination of defendant's guilt, but rather would be a basis for modification. See Kennedy v. State, Okl.Cr., 441 P.2d 467.

After considering the record before us, we are of the opinion that the evidence of defendant's guilt is overwhelming and uncontroverted; however, we are also of the opinion that the introduction of the void judgment and sentence may have caused the jury to impose a greater sentence than would ordinarily have been imposed, and are of the further opinion that the judgment and sentence fixing the punishment at 30 to 90 years imprisonment for the crime of Robbery with Firearms After Former Conviction of a Felony should be, and the same is hereby, Modified to a term of from 20 to 60 years imprisonment in the state penitentiary, and

as so modified, the judgment and sentence appealed from is Affirmed.

Modified and affirmed.

BRETT, P. J., and NIX, J., concur.