Luther BRINGINGOOD, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15912.

Court of Criminal Appeals of Oklahoma.

Feb. 17, 1971.

Charles C. Yon, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jack Pratt, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Luther Bringingood, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Carrying a Concealed Weapon After Former Conviction of a Felony; he was sentenced to serve seven years imprisonment in the state penitentiary, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that two officers observed the defendant on April 30, 1968, take a pistol from his waistband and hand it to a woman companion. The defendant, through his attorney, stipulated that he had been previously convicted of the crime of Receiving Stolen Property in the District Court of Oklahoma County. The woman companion testified that the weapon was not in the possession of the defendant as stated by the officer, and that she had purchased the weapon. The defendant, through his attorney, stipulated to two additional prior convictions.

The defendant's sole proposition of error alleges that the court erred in overruling his Demurrer to the State's evidence in chief and defendant's Motion for New Trial for the reason that the court failed to ascertain and the State did not prove that the former convictions relied upon by the State were constitutionally valid for recidivism. The defendant cites as authority Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed. 2d 319. We are of the opinion that the instant case is distinguishable from Burgett v. Texas, supra. The Attorney General has, in fact, supplemented the record to affirmatively reflect that the defendant was represented by counsel in two of the prior convictions.

The defendant alleges that the conviction of "Escaping City Jail" has subsequently been set aside and held void by the sentencing judge. The supplemented record by the Attorney General reflects this allegation to be valid. This Court has previously held that when a trial court allows the jury to consider void judgments, thus influencing the jury to give a greater sentence, that in the interest of justice the judgment and sentence must be modified. Tiffey v. State, Okl.Cr., 476 P.2d 84. The judgment and sentence is thereby modified to time served, and as so modified is affirmed.

BRETT and NIX, JJ., concur.