Doyel CANTWELL, Petitioner,

v.

Ray PAGE, Warden, Respondent.

No. A–14042.

Court of Criminal Appeals of Oklahoma.

April 5, 1967.

Whit Pate, Heavener, for petitioner.

Charles Nesbitt, Atty. Gen., Jeff Hartmann, Asst. Atty. Gen., for respondent.

## MEMORANDUM OPINION

BUSSEY, Judge.

This is an original proceeding in which Doyel Cantwell, hereinafter referred to as defendant, seeks his release from confinement in the State Penitentiary at McAlester, Oklahoma, where he is currently confined by virtue of a judgment and sentence rendered against him in Osage County Case No. 5129, wherein he was sentenced to a term of seven years imprisonment after having entered a plea of guilty to the charge of Lewd Molestation.

The basis upon which the defendant seeks his release and a new trial is that he was not represented by counsel at any stage of the proceedings in Osage County, nor was he represented by counsel at the time of the entry of his plea of guilty, and that he did not knowingly and intelligently waive his right to the same.

From the record it appears that defendant was taken into custody early in August, 1965, that thereafter on August 10, 1965, he was committed to the Eastern State Hospital at Vinita, Oklahoma, for observation under the provisions of 22 O.S. § 1171, and returned to the authorities of Osage County where he remained incarcerated and without counsel until the date of his arraignment in the District Court on the 9th day of September, 1965.

The defendant was advised of his right to a jury trial and his right to counsel and further advised that if he entered a plea of guilty, a trial would be unnecessary. Without inquiring further whether the defendant desired the appointment of counsel or wished to waive same, the court then asked if the defendant was ready to enter a plea, at which time the following occurred:

"Q. What is your plea?

A. I plead guilty, sir.

Q. All right. Now, have you done that of your own free will and accord, and without any pressure from any particular person?

A. Yes, sir. (nods head) But when I done that, I didn't mean nothing by it. I done it for medical purposes, only.

Q. For what?

A. For medical purposes. I had given the kids a bath, and I was gettin' 'em out of the bath tub, and my oldest girl came up and called my attention to this youngest one—and her little bottom was all red, so I figured I'd put too much detergent, you know, in the bath water.

And so I took 'em out and I just rubbed each one of 'em with a bath towel, but I didn't mean nothing' by it, though,—

Q. Well,—

A. —my wife she had tole me to give 'em a bath and everything, we was fixin' to go to Okmulgee—and they had been out in the swimming pool and she called me and told me to give 'em a bath. And she had to go to the store, or to the landlady, or somewhere, I forget now where it was she had to go."

It is the position of the Respondent that when the defendant voluntarily entered a plea of guilty without coercion or duress, such plea operated as a waiver of his right to court-appointed counsel. In Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367, Justice Black dealt squarely with the question here presented:

"Whatever inference of waiver could be drawn from the petitioner's plea of guilty is adequately answered by the uncontroverted statement in his petition that he did not waive the right either by word or action. This denial of waiver squarely raised a question of fact. The state Supreme Court resolved this disputed fact by drawing a conclusive implication from the petitioner's plea of guilty. This is the equivalent of a holding that one who voluntarily pleads guilty without the benefit of counsel has thereby competently waived his constitutional right to counsel, even though he may have sorely needed and been unable to obtain legal aid. A defendant who pleads guilty is entitled to the benefit of counsel, and a request for counsel is not necessary. It is enough that a defendant charged with an offense of this character is incapable adequately of making his defense, that he is unable to get counsel, and that he does not intelligently and understandingly waive counsel. Whether all these conditions exist is a matter which must be determined by evidence where the facts are in dispute."

In Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, the Supreme Court of the United States held that:

"Presuming waiver of counsel from a silent record is impermissible. To sustain a claim that counsel was waived, the record must show, or there must be an allegation and evidence which show, that the accused was offered counsel but intelligently and understandingly rejected the offer."

In the instant case although it affirmatively appears that defendant was advised of his constitutional rights, it does not appear that he was ever asked if he desired the appointment of counsel, nor does it appear that he ever knowingly and intelligently waived the same. We are of the opinion, and therefore hold, that the trial court in the instant case lost jurisdiction to sentence the defendant on his plea of guilty, in the absence of the appointment of counsel, when the record failed to show that the defendant knowingly and intelligently waived his right to the appointment of counsel. The judgment and sentence rendered in District Court Case No. 5129, is vacated; the Warden of the State Penitentiary at McAlester is directed to hold defendant for the authorities of Osage County and to release said defendant to them. The District Judge of Osage County is directed to enter an order vacating judgment and sentence rendered in District Court Case No. 5129, and further directing that the Sheriff of Osage County, or one of his deputies, proceed to the Penitentiary at McAlester, Oklahoma, and take into custody Doyel Cantwell and return him to Osage County for such other and further proceedings in the District Court of Osage County Case No. 5129, not inconsistent with this opinion.

Petition for Habeas Corpus granted.

BRETT, J., and NIX, P. J., concur.