**Jim TRAMMEL, Petitioner,**

v.

**Ray H. PAGE, Warden Oklahoma State Penitentiary, Respondent.**

**No. A–14187.**

Court of Criminal Appeals of Oklahoma.

Aug. 7, 1968.

Jack L. Spivey, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

Warren L. McConnico, Tulsa, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

**PER CURIAM:**

This is an original proceeding in which Petitioner, Jim Trammel, seeks a writ of habeas corpus releasing him from the Oklahoma State Penitentiary where he is presently incarcerated under authority of judgment and sentence dated March 2, 1937, from the District Court of Mayes County, State of Oklahoma, Case No. 1064. Petitioner's judgment and sentence on a plea of guilty assessed the punishment at life imprisonment for the crime of rape. Petitioner, incarcerated on March 3, 1937, paroled September 12, 1962. On October 24, 1966, Petitioner's parole was revoked and he was returned to the penitentiary on November 2, 1966, where he is serving his life sentence from Mayes County.

Petitioner alleges in his application for a writ that the 1937 judgment and sentence of Mayes County is void because he was not advised of his right to counsel in the proceedings which resulted in his conviction. A hearing was conducted on this petition before the Referee of this Court on July 31, 1968, where Petitioner, with assistance of counsel, and N. B. Johnson, the sentencing judge, testified; and where the appearance docket and judgment and sentence in Case No. 1064 were admitted in evidence.

We find that the appearance docket and judgment and sentence are silent regarding whether Petitioner was advised of his right to counsel or whether he voluntarily, knowingly, and intelligently waived this right. From these documents and the testimony it appears that Petitioner entered a plea of guilty without the benefit of counsel. Petitioner testified that although the County Attorney, H. A. Kehn, now deceased, mentioned an attorney, no attorney was furnished and the court did not inform Petitioner that he had a right to counsel, or that counsel would be furnished if Petitioner was indigent. Petitioner testified that he was indigent at the time he was convicted. Petitioner also testified that he entered a plea of guilty after the County Attorney promised him a sen-

tence of fifteen years and that he entered said plea because he was "scared" and without funds or advice.

N. B. Johnson, the sentencing judge, testified that he did not now recognize the Petitioner, nor did he remember Petitioner's case. Judge Johnson did testify that it was his practice and custom to advise all defendants of their rights, including the right to an attorney.

This court held in the case of In re Cannon, Okl.Cr.App., 351 P.2d 756, that:

"In every criminal case, whether misdemeanor or felony, the accused is entitled to the assistance of counsel in his defense, and where the accused desires the assistance of counsel, and is unable to employ counsel, it is the duty of the court to assign counsel to represent him even though the charge filed against the accused is only a misdemeanor.

\* \* \* \* \* \*

It is the solemn duty of the judge before whom a defendant appears without counsel to make a thorough inquiry and to take all steps necessary to insure the fullest protection of the defendant's constitutional rights at every stage of the proceedings, and this duty cannot be discharged as though it were a mere procedural formality.

A Judge can make certain that an accused's professed waiver of counsel, is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such waiver is made.

The Court of Criminal Appeals indulges every presumption against waiver of fundamental rights, and does not presume acquiescence in their loss.

The minutes of the Trial Court constitute the best evidence of what took place at the arraignment, and when in doubt as to what occurred, great weight will be given to the recitals entered in the minutes of the proceedings, but where the minutes are silent, or leave the issue in doubt, the Court of Criminal Appeals

will not indulge in presumptions, or speculation to sustain the proceedings, and will grant the writ of habeas corpus."

In Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367, the United States Supreme Court held that:

"A Defendant who pleads guilty is entitled to the benefit of counsel, and a request is not necessary."

In Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, the Supreme Court of the United States held that:

"Presuming waiver [of counsel] from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

The same rule of law was recognized by this court in Huggins v. State, Okl.Cr. App., 388 P.2d 341, and Cantwell v. Page, Okl.Cr.App., 425 P.2d 1010.

■ In the instant case the sentencing judge, understandably after thirty years, does not remember Petitioner, his case, or if Petitioner was advised of his right to counsel, although it was customary for the judge to advise defendants of their rights. As stated, neither the judgment and sentence, nor the appearance docket indicate that Petitioner was advised of his right to counsel, or affirmatively waived such right. In short, the record is silent on the question and we cannot presume waiver of counsel nor indulge in speculation or presumption as to what the sentencing judge did in this particular case.

■ Accordingly, for the foregoing reasons we are compelled to conclude that the District Court of Mayes County was without jurisdiction to enter judgment and sentence in Case No. 1064 against Petitioner and that the writ of habeas corpus should be granted. Of course, the original information charging Petitioner with rape is still valid and he is subject to custody and may be tried on that charge after his re-

lease from the penitentiary if the officials of Mayes County so decide. Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751. Cantwell v. Page, supra.

The foregoing opinion was prepared by Referee Penn Lerblance at the direction of the Presiding Judge, and adopted by the Court.

It is therefore the order of this court that the judgment and sentence of March 2, 1937, in Case No. 1064, District Court of Mayes County, be, and the same hereby is, vacated;

It is the further order of this court that the Warden of the State Penitentiary retain Petitioner in custody for a period not to exceed Ten (10) days, and deliver him to the custody of the Mayes County authorities. In the event that the Mayes County authorities fail to take Petitioner in custody within Ten (10) days from the issuance of this Order, the Warden shall release said Petitioner from further imprisonment under the judgment and sentence rendered against him in Mayes County, District Court Case No. 1064.