**Maxine Leola MURE, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15722.**

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1970.

Rehearing Denied Jan. 13, 1971.

made an oral application to withdraw the Waiver of right to appeal, said Motions were ordered overruled by the trial court on November 6, 1969, and from said orders, a timely appeal has been perfected to this Court.

The defendant's first proposition of error alleges that the trial court erred in refusing to permit defendant to withdraw her Waiver of right to appeal. We have carefully read the record and conclude that the trial judge painstakingly explained to the defendant her rights relating to an appeal. The defendant orally stated she did not wish to appeal, and subsequently executed a written Waiver indicating the same. The defendant filed, five days later, a Notice of Intent to Appeal and Designation of Record. The following day, a Motion for New Trial was filed and on November 6, 1969, an oral Motion to Withdraw the Waiver of right to appeal.

 It is the opinion of this Court that under the provisions of 22 O.S., Cha. 18, App. Rule 2.3, subd. A, a person has the right to commence an appeal within ten days of the date of judgment and sentence. We thus conclude that even though the defendant knowingly and voluntarily waived her right to appeal, that she has the statutory right to change her mind within the ten day period. In Copenhaver v. State, Okl.Cr., 431 P.2d 669, we stated in the ninth paragraph of the Syllabus:

"The petitioner, having knowingly and voluntarily waived his right to an appeal, could not, *after the regular statutory time* for appeal had expired, change his mind and perfect such an appeal \* \* \*." [Emphasis added.]

Having concluded that the defendant has the right to appeal, we will next consider her final proposition of error which states: "The use of prior misdemeanor convictions obtained without assistance of counsel to convert a misdemeanor into a felony violated defendant's rights as guaranteed to her by the Fourteenth Amendment of the Constitution of the United States of America."

Booth & Jay, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Maxine Leola Mure, hereinafter referred to as defendant, was charged in the District Court of Tulsa County, Case No. CRF 69-1314, with the crime of Larceny of Merchandise from a Retailer, After Two Prior Convictions for the same offense. The defendant, being represented by her attorney, entered a plea of guilty and was sentenced on October 30, 1969, to two years imprisonment. She executed, on the same date, a Waiver of right to appeal the conviction to this Court. She subsequently filed a Motion for New Trial and

■ The statute under which the defendant plead guilty, to-wit, 21 O.S. § 1731, converts a Petit Larceny into a felony upon proof of conviction of two prior offenses. The Information alleged convictions of two prior misdemeanors in the Municipal Court of Tulsa County. The record does not reflect that the defendant was, or was not, represented by attorneys in the two prior convictions. The defendant alleges, in fact, that she was not represented by an attorney, or intelligently waived the right thereto; however, there is nothing in the record before this Court to substantiate that allegation. We are bound by the rule established by the United States Supreme Court in Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, where, in the seventh paragraph of the Syllabus, they stated:

"Presuming waiver of counsel from a silent record is impermissible; the record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer."

We therefore must conclude, from the silent record, that the defendant was not represented by counsel, nor intelligently waived the right to counsel as to the two prior convictions.[1]

■ This conclusion becomes important in the instant case in that we must now apply the directions of this Nation's highest Court as set forth in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. This case holds that it is no longer permissible to permit a conviction of a felony obtained without assistance of counsel to be used to support guilt or enhance punishment in that it is a violation of the right to counsel guaranteed by the Sixth Amendment. The Attorney General argues that the instant case is distinguishable in that the prior conviction was a misdemeanor and that Burgett v. Texas, supra, applies only to felonies. This Court cannot agree. It is our opinion that the Sixth Amendment guarantees the right to counsel in misdemeanors, as well as felonies. We are not stating that a defendant must be represented in all misdemeanors. We are of the opinion that a defendant should be represented by counsel, or intelligently waive the same, in all cases wherein the first conviction may be the basis for a subsequent higher offense.

■ In conclusion, we find that the defendant voluntarily and intelligently entered a plea of guilty to the offense of Larceny of Merchandise from a Retailer. We are of the opinion that the plea of guilty should not be set aside in its entirety, but hold that the punishment be reduced from a term of two years imprisonment in the state penitentiary for the offense of Larceny of Merchandise from a Retailer After Two Prior Convictions, to a sentence of Thirty (30) days in the county jail and a fine of One Hundred ($100.00) Dollars and court costs, for the crime of Larceny of Merchandise from a Retailer, and as so modified, the judgment and sentence is affirmed.[2] Modified and affirmed.

BRETT, P. J., and NIX, J., concur.

1. This Court has independently ascertained from the records of the Municipal Criminal Court of Tulsa, that the defendant was, in fact, represented by an attorney at one of the prior convictions. The single conviction at which she was represented by counsel is insufficient to ripen the misdemeanor into a felony. Had the Attorney General been diligent in the instant case, in the five months he took to file his brief, he would have filed a timely application to supplement the record in order to enhance the misdemeanor punishment by showing the validity of one of the prior convictions, but since this was not done and forms no part of the record, it cannot be considered by the Court in modifying the judgment and sentence.

2. The defendant should be credited with all time served in the penitentiary under the judgment and sentence rendered in the above styled and numbered cause against the judgment and sentence, fine and costs, as modified, and the Clerk of this Court is forthwith directed to issue the mandate.