Jackie Lee FRANKLIN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-15254.

Court of Criminal Appeals of Oklahoma.

Sept. 17, 1971.

Robert O. Swimmer, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Oklahoma City, for defendant in error.

BUSSEY, Presiding Judge.

Jackie Lee Franklin, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, for the offense of Operating a Motor Vehicle while under the Influence of Intoxicating Liquor, after former conviction of the same offense. His punishment was fixed at one year imprisonment, and a fine of $1.00, and from said judgment and sentence, a timely appeal has been perfected to this Court.

■ Because of the proposition asserted, we do not deem it necessary to recite the statement of facts. The sole proposition contends that the constitutional rights of the defendant have been abridged in that he has been put in jeopardy twice. We have carefully examined the defendant's citations of authority and argument to support this proposition, and are of the opinion that jeopardy did not attach. The juries in the defendant's two prior trials in this cause were discharged after the trial court ascertained that they were unable to reach a verdict. In Sussman v. District Court of Oklahoma County, Okl.Cr., 455 P.2d 724:

> "At the same time, jeopardy is not regarded as having come to an end so as to bar a second trial in those cases where unforeseeable circumstances arise "during the first trial, *such as the failure of the jury to agree on a verdict*; or, when the first trial is set aside on appeal, which is usually at defendant's request." (Emphasis Added)

A trial court has the inherent right to discharge a jury over the objection of the defendant at such time as he ascertains that a jury is unable to reach a verdict, and absent a showing of abuse of this discretion, the same will not be disturbed on appeal.

■ In conclusion, we observe that the Record does not reflect that the defendant was represented by counsel, nor intelligently waived the right to counsel, as to the prior conviction. In Mure v. State, Okl. Cr., 478 P.2d 926, we stated in the second and third syllabi of the Court:

> "Presuming waiver from a silent record is impermissible; the record must show, or there must be an allegation and evidence to show, that an accused was offered counsel but intelligently and understandingly rejected the offer.

> "A defendant should be represented by counsel, or intelligently waive the same, in all cases wherein the first conviction may be the basis for a subsequent higher offense."

We are of the opinion that justice would best be served by striking the "after former conviction" portion of the judgment and sentence, and modifying the same to a term

of thirty (30) days imprisonment in the county jail, and a fine of $100.00, and as so modified, the judgment and sentence is affirmed. Modified and affirmed.

BRETT and NIX, JJ., concur.