Dan **STEWART, Plaintiff in Error,**

v.

The **STATE of Oklahoma, Defend-ant in Error.**

No. A–16404.

Court of Criminal Appeals of Oklahoma.

March 29, 1972.

William N. (Bill) Christian, Oklahoma City, Okl., for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

This is an appeal from the judgment of the District Court of Cleveland County, denying an application for post conviction relief. 22 O.S.1971, § 1087.

Plaintiff in Error, Dan Stewart, hereinafter referred to as defendant, was convicted of murder in the District Court of Cleveland County, Case Number 4684, and sentenced to life imprisonment on February 7, 1966. This conviction arose from the death of a man who was struck by the defendant who was driving an automobile while under the influence of intoxicating liquor. Prior to this homicide, the defendant had been previously convicted on June 26, 1957, in District Court of Kay County, Case Number 17576, for driving while intoxicated, which makes a subsequent conviction of driving while intoxicated a felony. Since defendant was thus committing a felony and caused the death of a human being, he was prosecuted for murder. 21 O.S.1971, § 701(3).

Defendant's murder conviction was appealed to this court which modified the conviction to first degree manslaughter with a sentence of 25 years imprisonment because a film of defendant taking sobriety tests was admitted into evidence over objection, although defendant was not first admonished of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694. Stewart v. State, Okl.Cr., 435 P.2d 191 (1967).

Defendant's application for post conviction relief in the district court claims in substance that the former Kay County conviction was obtained in violation of his constitutional right to counsel and its admission in the subsequent Cleveland County conviction was prejudicial error under Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). The district court denied relief on a finding that defendant willingly and knowingly waived his right to counsel when he entered a guilty plea in the Kay County conviction and that the modification of the Cleveland County conviction on appeal absolved any prejudicial effect in admitting the Kay County conviction.

Initially, the state contends defendant has no standing to assert his claims before this Court, referring vaguely to the concepts of res judicata and collateral estoppel. The state argues defendant

did not raise the ground of a defective former conviction under Burgett when his appeal was before this Court and he therefore cannot now assert such a claim in a post conviction proceeding. It would appear the state's argument fails because it was not urged in the district court in the post conviction proceeding and cannot be raised for the first time on appeal. Aside from that point, we find this argument to be without merit since defendant is asserting a claim which did not exist at the time of his appeal. Burgett v. Texas had not been decided by the United States Supreme Court at the time of defendant's trial or appeal. Additionally, since defendant is asserting the denial of a constitutional right for the first time, he has standing under the Post Conviction Procedure Act, 22 O.S.1971, § 1080(a), especially since it is a ground "which for sufficient reason was not asserted" in a prior proceeding, 22 O.S.1971, § 1086. See American Bar Association Standards on Post Conviction Remedies, §§ 2.1, 6.1, and 6.2.

As to the validity of the 1957 Kay County conviction, defendant premises his challenge on Burgett v. Texas, which held that a conviction rendered constitutionally infirm where defendant did not have benefit of counsel or validly waive one could not be used subsequently "to .support guilt or enhance punishment for another offense." In Burgett the court, while noting defendant's right to counsel is a "specific federal right," held that the "admission of a prior criminal conviction which is constitutionally infirm under the standards of Gideon v. Wainwright [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799], is inherently prejudicial. . . ." 389 U.S. at 115, 88 S.Ct. at 262.

█ It is defendant's contention that at the time he was charged in Kay County in 1957, he was indigent, unable to afford counsel, and that the court did not advise him counsel could be furnished if he were without funds to secure representation. As a result defendant claims he entered a plea of guilty, waived his right to a jury trial and right of confrontation without realization of the significance of his action, and to his substantial prejudice. There is no question that defendant was entitled to counsel and that counsel should have been furnished if he were without funds, even though it was a misdemeanor charge. In re Cannon, Okl.Cr., 351 P.2d 756. Mure v. State, Okl.Cr., 478 P.2d 926.

After hearing several witnesses, including defendant, at the post conviction hearing, the court entered its written findings that, among other things, "the defendant was initially represented by counsel in the Kay County proceedings but that defendant permitted the relationship of client and counsel to terminate by defaulting in payment therefor." The court further concluded: "This defendant did, willingly giv[e] up his right to counsel, trial by jury, confrontation of witnesses and all his other constitutional guaranties."

The criteria used in assessing the voluntariness of a waiver were spelled out in Johnson v. Zerbst, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023, 82 L.Ed. 1461:

"It has been pointed out that 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights.' A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."

█ With regard to counsel, "presuming waiver from a silent record is impermissible." Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, Trammel v. Page, Okl.Cr., 444 P.2d 472 (1968). However, the record in this case is not silent on the question of waiver. We find that the evidence at the post conviction proceeding supports the finding of the district court that defendant knowingly waived counsel under the criteria of Johnson v. Zerbst, supra. Accordingly, we conclude that de-

fendant's former conviction in Kay County was not constitutionally infirm under the rule of Burgett v. Texas, supra, and was not thereby inadmissible.

■ Aside from the Burgett question, defendant further argues that introducing the former Kay County conviction in a one-stage trial before a finding of guilt on the principal charge was inherently prejudicial, citing Baeza v. State, Okl.Cr., 478 P.2d 903 (1970). This is not a specific federal right and we find that defendant had ample opportunity to raise this question at his trial on the Cleveland County charge or on appeal. By his failure to make a timely objection and raise this issue at trial or on appeal, he is foreclosed from successfully asserting such a claim at this time. Further, any claims under Baeza would be applicable to trial after its announcement. Defendant's trial preceded Baeza.

The judgment of the District Court of Cleveland County, denying post conviction relief, is hereby affirmed.

BUSSEY, P. J., concurs in result.

SIMMS, J., concurs.