John Henry **MAHORNEY**, Appellant,

v.

The **CITY OF TULSA**, Appellee.

No. M–75–332.

Court of Criminal Appeals of Oklahoma.

Nov. 12, 1975.

Sondra Leah Fogley, Tulsa, for appellant.

Ron Wood, Asst. Dist. Atty., City of Tulsa, for appellee.

## OPINION

BLISS, Judge:

Appellant, John Henry Mahorney, hereinafter referred to as defendant, was charged, tried and convicted in the Municipal Court of the City of Tulsa, Tulsa County, Oklahoma, Case No. 185297, for the offense of Public Intoxication in violation of Title 27 of the Tulsa Revised Ordinances, Ch. 7, § 171; and Case No. 185297A for the offense of Assault and Battery in violation of Title 27 of the Tulsa Revised Ordinances, Ch. 4, § 103; and Case No. 185297B for the offense of Assault and Battery in violation of Title 27 of the Tulsa Revised Ordinances, Ch. 4, § 103. Pursuant thereto, the trial court fixed the punishment of the defendant in Case No. 185297A at a fine of Fifty ($50.-00) Dollars and thirty (30) days' imprisonment in the Tulsa City Jail and in Case No. 185297B a fine of Fifty ($50.00) Dollars was assessed and thirty (30) days' imprisonment in the Tulsa City Jail, with said imprisonment term in Case No. 185297B to run consecutively to the term imposed in Case No. 185297A. Defendant asserts he is not appealing his conviction for the offense of Public Intoxication, but the defendant has perfected a timely appeal to this Court in Case No. 185297A and Case No. 185297B.

The record before us reflects that the charges of which the defendant was convicted in the above cases were filed on the 20th day of September, 1974, in the Municipal Court of the City of Tulsa, Tulsa County, Oklahoma. On that day the defendant was arraigned and the defendant entered a plea of not guilty in each case and requested jury trials. Thereafter, on the 2nd day of December, 1974, the defendant waived jury trial in the cases and the causes were passed for trial until January 15, 1975. On January 15, 1975, the cases were consolidated and came on for non-jury trial before the Honorable Thomas S. Crewson, Judge of said Municipal Court, and at that time the defendant appeared pro se and the court rendered the above said judgments and sentences.

In the instant appeal, the defendant urges the court erred in its failure to grant the defendant's request for a continuance in order to obtain counsel and forcing defendant to trial without counsel.

A person charged with a felony in a state court has an unconditional and absolute right to a lawyer. See, *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and *Rankin v. State,* Okl.Cr., 409 P.2d 641 (1966). Also see, Article II, § 20, of the Oklahoma State Constitution. This right is equally as unconditional and absolute when the person is charged with a misdemeanor. See, *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Mure v. State,* Okl.Cr., 478 P.2d 926 (1970), and, *Stewart v. State,* Okl.Cr., 495 P.2d 834 (1972). However, this right may be waived if done knowingly and voluntarily. See, *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) and *Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). Yet waiver will not be "lightly presumed" and the trial judge must "indulge every reasonable presumption against waiver." *Johnson v. Zerbst,* supra, 304 U.S. at 464, 58 S.Ct. at 1023, 82 L.Ed. at 1467.

The controlling issue in the instant case is whether or not the defendant knowingly,

intelligently and voluntarily waived his constitutional right to counsel before representing himself in the Municipal Court of the City of Tulsa wherein he was convicted in the above mentioned cases.

The following colloquy occurred between the court, the defendant and the prosecutor prior to the commencement of the trial:

"THE COURT: Do you understand that you are not represented here and you are representing yourself and that's what you wish to do in the criminal charge?

"MR. MAHORNEY: No, not really.

"THE COURT: What do you mean 'not really'?

"MR. MAHORNEY: Because if I'm found guilty I still have to bring this up because it's going to affect this.

"THE COURT: Sir, keep this separate. I'm not considering something civilly. That is between you and the parties civilly on that matter. You have to employ your own attorney; that has nothing to do with the criminal charges filed against you.

"So, since you are represented by yourself here and not by an attorney you evidently have not contacted an attorney and do not wish an attorney to represent you on these charges; am I right?

"MR. MAHORNEY: Well, I have tried to contact an attorney and it is going to cost me at least $250 to get one to represent me and I have not—

"THE COURT: You have not applied for the services of the public defender according to the records of this court; is that correct?

"MR. MAHORNEY: No, I haven't.

"THE COURT: You, at no time, have requested the services of a public defender; is that correct?

"MR. MAHORNEY: No.

"THE COURT: You were advised of that at your arraignment; is that not correct, that you could fall within the proper income categories?

"MR. MAHORNEY: As long as I was making money I thought I would not be within the category.

"THE COURT: You could have investigated that to see if you fell within the services of the public defender; are you telling me at this time that you wish to proceed without the services of an attorney?

"MR. MAHORNEY: I would like to proceed with an attorney.

"THE COURT: With an attorney? When was this case filed?

"MR. WOOD: It's the 19th of September—September 19, 1974, and he waived jury on November 26, 1974. I advised him that he ought to have an attorney on that date.

"THE COURT: You have had almost four months to obtain the services of an attorney, so I think you have had adequate time to get the services of an attorney.

"MR. MAHORNEY: I only make $400 a month and I have to save up $250.

"THE COURT: Your income is $400 a month?

"MR. MAHORNEY: That's what my gross is. I have to pay rent and my other expenses also.

"THE COURT: Well, what I want—

"MR. WOOD: Do you have any dependents?

"MR. MAHORNEY: Yes, three. A wife and three children.

"MR. WOOD: A wife and three children?

"MR. MAHORNEY: Yes.

"MR. WOOD: They're here present in Oklahoma with you?

"MR. MAHORNEY: Yes.

"THE COURT: Is your wife employed?

"MR. MAHORNEY: No.

"MR. WOOD: I don't know what to tell you, Your Honor, I have always dealt with Mr. Mahorney before on this thing

and I have always advised him of his right to have an attorney and he just has not employed a public defender. He has always indicated that he was going to represent himself before this date.

"THE COURT: Mr. Mahorney, I think you have been adequately advised of that fact. I don't know how much further we could go. The case is ready to proceed at this time and I think under these circumstances, of course, anytime a person represents himself pro se the Court attempts in every way possible to protect the rights of the individual on it, which I am going to do in this case; but we're going to go ahead and proceed, because I think the four months period indicates you have been fully advised, as you said, to the right to a public defender and the right to an attorney. We're going to have to go ahead and proceed at this time. We're going to go ahead and proceed with the trial at this time."

■ While this Court has previously held that the right to counsel may be waived, "presuming waiver from a silent record, or from an ex parte statement made by the county attorney, is impermissible." See, *Rankin,* supra. Further, "the record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." See, *Mure,* supra, *Carnley,* supra and *Trammel v. Page,* Okl.Cr., 444 P.2d 472 (1968). Also see, *Huggins v. State,* Okl.Cr., 388 P. 2d 341 (1964), and *Cantwell v. Page,* Okl. Cr., 425 P.2d 1010 (1967). We feel the colloquy between the court, the defendant, and the prosecutor prior to the commencement of trial is illustrative of several points. First, the inference may be drawn that the defendant, prior to trial, had been informed of his right to counsel. Certainly this inference appears to be one of the factors in the court's decision to require the defendant to proceed to trial without an attorney. This type of reasoning, however, appears to be premised upon the absence of a request for counsel by the defendant. Such reasoning is of the type condemned in *Carnley,* supra. Also see, *Jewell v. Tulsa County,* Okl.Cr., 450 P.2d 833 (1969). The colloquy further illustrates the defendant said he did not feel he was entitled to the services of the public defender. Next, the defendant attempted to explain to the court that at that time he did not have the financial resources with which to retain an attorney. (See, Tr. 4) And finally, the colloquy reflects that the defendant desired to proceed to trial with an attorney. (Tr. 5)

■ Under the facts and circumstances of this case, this Court cannot in good conscience find the defendant knowingly, intelligently and voluntarily waived his constitutional right to counsel, nor is there sufficient evidence to support the District Attorney's allegation that the defendant had waived his right to counsel. See, *Carnley,* supra, and *Mure,* supra. Therefore we must reverse and remand this case for a new trial.

Therefore, in passing, we would observe that the defendant retained an attorney for the instant appeal and, thus, upon remand he must present sufficient evidence to the trial court showing he falls within the guidelines necessary for entitlement to the services of the public defender.

For the reasons herein stated, it is the opinion of this Court that this cause be reversed and remanded back to the trial court and the defendant be granted a new trial in the above said cases.

BRETT, P. J., and BUSSEY, J., concur.