**Tom David DAFFINRUD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–537.**

Court of Criminal Appeals of Oklahoma.

June 16, 1982.

Robert E. Prince, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., Rozia M. McKinney, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

CORNISH, Judge:

Tom David Daffinrud was convicted of the crime of Obtaining over Twenty Dollars ($20) by Confidence Game in violation of 21 O.S.1971, § 1541.2, in Comanche County Case No. CRF–79–290. The appellant received a sentence of one (1) year imprisonment and a fine of $1,500.

On July 6, 1979, two investigators went to a carnival located in Lawton, Oklahoma, to determine if the games were being conducted in conformance with State law. One of the investigators played the pin store game run by the appellant and believed that it was being conducted illegally.

■ The principal issue we will address is whether the appellant was denied his right to counsel guaranteed by the Sixth Amendment. *See also* Okla.Const., Art. 2, § 20.

The appellant argues that the trial court erroneously denied his motion for continuance and required the appellant to proceed to trial without the assistance of counsel.

On December 30, 1981, this Court remanded this cause to the trial court for an evidentiary hearing on the appellant's motion for continuance. The hearing was set for January 19, 1982. The appellant did not appear at the scheduled hearing and the trial court granted a continuance until January 27, 1982. Again, the appellant failed to appear and the trial court proceeded with the evidentiary hearing.

At the hearing, it was established that Daffinrud retained private counsel about six months before trial. On October 18, 1979, retained counsel was permitted to withdraw from the case. Retained counsel personally informed Daffinrud about his withdrawal as counsel. Daffinrud was also sent a copy by certified mail of the trial court's order granting defense counsel's motion to withdraw. On February 8, 1980, just ten minutes before Daffinrud's trial was to proceed, Daffinrud appeared in the trial judge's chambers and requested court appointed counsel. Based upon the trial judge's off the record conversation with Daffinrud, he ruled that Daffinrud was not indigent. He further ruled that Daffinrud "had adequate time to secure counsel; that his failure to secure counsel was through his own fault and neglect, and that his request for a court appointed attorney ... minutes prior to trial was merely a delay tactic, was not in good faith ..."

On February 2, 1982, the appellant finally found his way to the courthouse, at which time the trial court conducted a supplemental evidentiary hearing. At the hearing Daffinrud again asserted that he was indigent at the time of his trial. He gave no reasons for his lack of diligence in obtaining counsel prior to trial, or for his failure to request court appointed counsel until minutes prior to trial. From the record it is apparent that Daffinrud posted an appeal bond and has retained counsel on appeal.

It is a basic tenet of American jurisprudence that the right to assistance of counsel is a cherished and fundamental right. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). However, the right to counsel must be delicately balanced against the necessity of an orderly judicial process. The trial court is vested with wide latitude in determining whether a continuance should be granted. This Court will not disturb the trial court's decision except in cases where an abuse of discretion is shown. In *Ungar v. Sarafite*, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964), the Supreme Court stated "there are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."

From the facts present in the record, we are unable to hold that the appellant waived his right to counsel through his own lack of diligence. The record is silent as to whether the appellant's failure to retain counsel or request for court appointed counsel was employed merely as a means of delaying or trifling with the court. *See United States v. Fowler*, 605 F.2d 181 (5th Cir. 1979). This Court has consistently held that the right to counsel may be waived, however, presuming waiver from a silent record is impermissible.

In *Mahorney v. City of Tulsa*, 542 P.2d 965 (Okl.Cr.1975), we further stated that a "waiver will not be 'lightly presumed' and the trial judge must 'indulge every reasonable presumption against waiver.'" (citations omitted) In this case, the trial court should have attempted to determine on the

record why the appellant failed to obtain counsel prior to trial. Therefore, we must reverse this case and remand it for a new trial.

■ Daffinrud also argues that the search warrant issued was invalid. He contends that while the search warrant described with particularity the white trailer to be searched there was no description or indication of the location of the booths to be searched.

The search warrant at bar, refers to the affidavit and incorporates the affidavit into the warrant. The affidavit describes the games the officers believed were being conducted illegally, but does not describe the location of the game booths. As the appellant concedes in his brief, a carnival is transient in nature. Since the booths can be moved easily, or the games moved among booths, the only practical way to describe the areas to be searched under these circumstances, is to describe the game conducted. This Court has repeatedly held that a search warrant must describe the place to be searched with such particularity that the officer executing the warrant can find the place without the aid of other information. *McCormick v. State*, 388 P.2d 873 (Okl.Cr.1964).

This Court has also recognized that in cases where the executing officer has prior knowledge of the location to be searched, a minor inconsistency in the warrant does not invalidate it. *Nottingham v. State*, 505 P.2d 1343 (Okl.Cr.1973). In this case, the investigators visited the carnival before seeking the issuance of the warrant. The same investigators accompanied the officers who executed the warrant. There was no possibility that a mistake as to the area to be searched could be made. We find appellant's proposition of error to be without merit.

The judgment and sentence is RE-VERSED AND REMANDED.

BRETT, P. J., Specially concurs.

BUSSEY, J., dissents.

BRETT, Presiding Judge, specially concurring:

I concur with the opinion's conclusion that the conviction must be reversed. However, I am compelled to take exception to the statement that "the right to counsel must be delicately balanced against the necessity of an orderly judicial process." There is no indication in either the Constitution or the Supreme Court's interpretation which supports this statement. See *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). I cannot agree that the trial court's discretion in ruling on a defendant's motion for continuance is an issue of equal magnitude with the right to counsel. The cited authority, *Ungar v. Sarafite*, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964), is clearly distinguishable. *Ungar*, who was tried for contempt of court, was an attorney representing himself.

At no point does the record reflect that the appellant received any explanation of why he might need an attorney. He was forced to proceed pro se even though he was not "made aware of the dangers and disadvantages of self-representation, so that the record will establish [a knowing and intelligent waiver of the right to counsel.]" *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). See *Johnson v. State*, 556 P.2d 1285 (Okl.Cr. 1976).

When the appellant showed up on the day set for trial without an attorney, the trial court should have done the following: made a determination of his capacity to pay for his own attorney; made a decision on the motion to continue based upon the pertinent facts; and, at least before permitting him to defend himself, provided adequate warnings on pro se representation. Otherwise, I concur in this decision.

BUSSEY, Judge, dissenting.

I find nothing in the record which would lead me to conclude that the trial court erred in finding that the defendant failed to establish his indigency, and was in fact

trifling with the court when he appeared without counsel 10 minutes prior to the time the cause was set for trial, after having been on bond for a period of some four (4) months, and after having received notice that his attorney had withdrawn from the case. The defendant's failure to timely appear before the Judge at the time set for the evidentiary hearing lends further credence to the trial court's findings. I concur in that portion of Judge Cornish's opinion which holds valid the search warrant. I would affirm the conviction.