Charles Milton SWANEGAN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–85–264.

Court of Criminal Appeals of Oklahoma.

Aug. 28, 1987.

As Corrected Sept. 22, 1987.

Daniel G. Webber, Watonga, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Charles Milton Swanegan, appellant, was tried by jury and convicted of Driving Under the Influence of Intoxicating Liquor [47 O.S.1981, § 11–902], in Case No. CRM–84–121, in the District Court of Blain County, the Honorable Mike Cunningham, Associate District Judge, presiding. The jury set punishment at six (6) months imprisonment in the county jail and a $500.00 fine. Judgment and sentence was imposed in accordance with the jury's verdict. We reverse.

The appellant raises seven assignments of error. In his second assignment of error, the appellant asserts that the trial court erred in failing to determine whether he made a knowing and intelligent waiver of his right to counsel when he appeared at trial pro se. We agree and do not consider the other assignments of error.

The April 25, 1984, Arraignment Minute reflects that the appellant appeared without counsel and the court advised him of his right to a court appointed attorney, as does the Court Minute of October 18, 1984. The two Court Minutes of November 26, 1984, reflect the appellant appeared without counsel and requested a court appointed attorney. The court determined the appellant did not qualify for court appointed counsel because he was employed and owned an automobile. Both sides announced ready for trial and the appellant proceeded pro se.

■ An accused has the unconditional and absolute right to counsel in any felony or misdemeanor proceeding. *Mahorney v. State,* 542 P.2d 965, 966 (Okl.Cr.1975). We have long applied the right to counsel when an accused is charged with Driving Under the Influence of Intoxicating Liquor [47 O.S.1981, § 11–902]. *Stewart v. State,* 495 P.2d 834, 836 (Okl.Cr.1972). In addition to a fine, conviction of a first offense under 47 O.S.1981, § 11–902 is a misdemeanor carrying a mandatory period of incarceration of not less than ten (10) days nor more than one (1) year in the county jail. Conviction of a second or subsequent offense is a felony carrying a mandatory term of imprisonment of not less than one (1) year nor more than five (5) years in the state penitentiary. Thus, conviction under this traffic statute involves a liberty interest. We require the full panoply of constitutional rights when liberty interests are threatened.

■ The right to counsel may, however, be waived, but the record must show, or there must be an allegation and evidence which shows, that the accused intelligently and understandingly waived right to counsel. This record is mandatory. Anything less is not a waiver. *Lineberry v. State,* 668 P.2d 1144, 1145 (Okl.Cr.1983). *Stevenson v. State,* 702 P.2d 371, 374–75 (Okl.Cr.1985). The Court of Criminal Appeals cannot and will not presume waiver from a silent record. *Daffinrud v. State,* 647 P.2d 443, 444 (Okl.Cr.1982). *Mahorney, supra* at 968. *Stewart, supra* at 836. *See also*

*Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962).

■ Before an accused may represent himself or herself, the intention to proceed pro se must be stated unequivocally. The trial court is then required to determine whether the accused has the capacity to make a valid waiver of right to counsel. Next, the court must examine the defendant and determine whether the waiver is voluntary, knowing and intelligent. *Coleman v. State,* 617 P.2d 243, 245–46 (Okl.Cr. 1980).

> The trial judge must clearly explain to the defendant the inherent disadvantages in such a waiver, including a lack of knowledge and skill as to rules of evidence, procedure and criminal law. The record must establish that 'he knows what he is doing and his choice is made with eyes open.' The defendant should be especially aware of the rules promulgated in *Parker v. State* [556 P.2d 1298 (Okl.Cr.1976) ] ... as follows: that the trial court is not required to appoint standby counsel, that the defendant will waive any argument of incompetent counsel as a basis of appeal, and that the trial judge will not effectively operate as counsel or cocounsel for the defendant. It is noteworthy, however, that this Court maintains the position that the preferable choice for the trial court is that standby counsel be appointed.

*Id.* at 246 (citations omitted). As previously mentioned, it is incumbent upon the trial court to make a record of these proceedings, and all doubts concerning waiver of right to counsel must be resolved in the accused's favor. *United States v. Williamson,* 806 F.2d 216, 220 (10th Cir.1986). *See also United States v. Harlan,* 696 F.2d 5, 7 (1st Cir.1982).

■ In the instant case, the record reflects only that the appellant was informed of his right to counsel, that he requested court appointed counsel and was found not qualified, and the appellant appeared pro se. The record is silent whether the appellant was advised of the dangers of proceeding pro se or whether he knowingly and intelligently waived his right to counsel.

We have no alternative but to REVERSE and REMAND for further proceedings not inconsistent with this opinion.

BRETT, P.J., concurs.

BUSSEY, J., dissents.