Charles PAINTER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. O–87–360.

Court of Criminal Appeals of Oklahoma.

Oct. 5, 1988.

Ray Don Jackson, Wright, Jackson & Jackson, Woodward, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Charles Painter, appellant, pled guilty to Knowingly Concealing Stolen Property (21 O.S.1981, § 1713), in Case No. CRF–84–79, in the District Court of Harper County, the Honorable Frank M. Ogden, District Judge, presiding. The court assessed punishment at imprisonment for three (3) years and suspended the sentence.

On September 18, 1985, the State filed an application to revoke appellant's suspended sentence. On October 10, 1985, the court, after a hearing at which appellant was represented by counsel, found appellant had violated three of the conditions of his suspended sentence and ordered him to serve eighteen (18) months of his original sentence but suspended the remaining eighteen (18) months. The record fails to reflect the time actually served.

On October 31, 1986, the State filed an application to revoke the balance of appellant's suspended sentence. Appellant twice requested time to secure the services of a privately retained attorney. The court granted both requests for a continuance and set his preliminary hearing for January 7, 1987.

Appellant appeared at his preliminary hearing on January 7th, announced ready, and informed the court that his attorney had not had an opportunity to review or prepare the case and was presently attending another preliminary hearing. The court called the attorney to the bench, and he advised the court that appellant had approached him during the noon recess, at which time counsel informed appellant that he would take the case if the court granted a continuance but could not represent appellant at the present hearing. The court refused to postpone the preliminary hearing and appellant appeared pro se. The court found probable cause existed that appellant had violated three of the conditions of his suspended sentence and set final hearing for January 22nd. The judge admonished appellant to have his witnesses lined up by that date and to either retain counsel or apply for a court appointed attorney.

Appellant appeared on January 22 without counsel and informed the court that he had contacted two attorneys, both of whom refused to take his case. He had also tried to call legal aid but got a busy signal each time he called. The court examined appellant and determined he was not an indigent. After reminding appellant he had been advised of his right to counsel on December 4, 1986, and appellant had indicated he would hire an attorney on that date, the court concluded:

I'm going to find and order that you have by your conduct given up your right to an attorney. You had several occasions which you could have employed an attorney. You had funds to employ an attorney. You had a job and resources to get an attorney. You asked for two continuances, and you got them which would have permitted you to have an attorney present at preliminary. I'm satisfied that at this particular stage of the proceedings that the only reason you don't have an attorney is because you have not been diligent, and we will proceed with the case. [Tr. at 29–30]

After a hearing, at which appellant cross-examined the State's witnesses and testified in his own behalf, the court found appellant had violated two of the conditions of his suspended sentence and ordered him to serve the balance of his original sentence. From this hearing appellant appeals.

Appellant raises one assignment of error: the trial court erred by refusing to give him time to obtain counsel. Appellant argues he has an unconditional right to counsel and he did not knowingly and intelligently waive this fundamental right. Appellant relies on *Stevenson v. State*, 702 P.2d 371 (Okla.Crim.App.1985), and *Lineberry v. State*, 668 P.2d 1144 (Okla.Crim. App.1983), as his only authority in support of his proposition.

Due process may require the assistance of appointed counsel at revocation hearings on a case-by-case basis. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973): *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Both *Gagnon* and *Morrissey* left open the question whether the parolee is entitled to the assistance of retained counsel at a revocation hearing. *Gagnon*, 411 U.S. at 783, n. 6, 93 S.Ct. at 1760, n. 6. We need not address this question on a constitutional level, for appellant had a statutory right to be represented by counsel.

Title 22 O.S.1981, § 991b, provides: "The person whose suspended sentence is being considered for revocation at said hearing *shall have the right to be represented by counsel*, to present evidence in his own behalf and to be confronted by the witnesses against him." (emphasis added). It is a rule of statutory construction that the term "shall" is mandatory. *Nickell v. State*, 746 P.2d 1155, 1158 (Okla.Crim.App.1987).

The question, then, is not whether appellant had a right to be represented by counsel at his revocation hearing, for clearly he did; rather, the question is whether appellant, by his failure to timely secure counsel, waived this statutory right.

A person has a statutory right to assistance of counsel at a sentence revocation hearing. 22 O.S.1981, § 991b. The right to counsel may be waived if done knowingly and voluntarily, but waiver will not be lightly presumed. *Colbert v. State*, 714 P.2d 209, 211 (Okla.Crim.App.1986), *cert. denied*, 479 U.S. 838, 107 S.Ct. 140, 93 L.Ed.2d 83 (1986). The trial judge must indulge every reasonable presumption against waiver. *Id.*

Failure to hire an attorney may constitute a knowing and intelligent waiver of the right to counsel if done to delay the hearing. *Id.* The right to assistance of counsel may not be put to service as a means of delaying or trifling with the court. *Id.*

Here, the record reflects appellant had from October 31, 1986, to January 7, 1987, to secure counsel. Appellant requested and received two continuances for the purpose of hiring an attorney. At his appearance at the preliminary revocation hearing on January 7th, appellant attempted to obtain a third continuance on the grounds that his attorney had not had time to review or prepare the case. Yet this attorney, who was allegedly hired just minutes before the hearing, had not accepted employment and, in fact, could not represent appellant because of his conflicting trial schedule. The preliminary hearing judge admonished appellant to either secure counsel or apply to the court for an appointed attorney before his final revocation hearing two weeks later. Appellant did neither and appeared without counsel at his revocation hearing on January 22nd. We find the record reflects that appellant failed to secure counsel for the purpose of delaying his hearing, thereby waiving his statutory right to counsel, and the court did not abuse its discretion in ordering appellant to proceed pro se. This assignment of error is without merit.

The order revoking appellant's suspended sentence is

AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.