OSCN Found Document:SPYBUCK v. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 SPYBUCK v. STATE
2025 OK CR 7
Case Number: M-2024-132
Decided: 07/03/2025
THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA
Cite as: 2025 OK CR 7, __ P.3d __

 

ROBERT WAYNE SPYBUCK, Appellant,
v.
THE STATE OF OKLAHOMA, Appellee.

O P I N I O N

ROWLAND, JUDGE:

¶1 Following a non-jury trial, Appellant, appearing pro se, was convicted of being in Actual Physical Control of a Vehicle Under the Influence of a Controlled Dangerous Substance (47 O.S.2021, § 11-902

FACTS

¶2 On January 24, 2023, Lawton Police Officer Jesse Alverson responded to a call of a drug overdose in progress at a location in Lawton. Upon arriving at the scene, he was flagged down by a woman from the passenger seat of a dump truck. Officer Alverson approached and saw the woman performing CPR on the Appellant who was unconscious behind the wheel of the dump truck with the keys in the ignition. The woman stated that the Appellant said he "smoked a pill," and the officer observed certain paraphernalia in the truck which he associated with the illegal use of fentanyl.

¶3 Medical personnel arrived and administered Narcan, a medicine used to quickly halt the effects of opioid overdose, and after about twenty minutes Appellant was able to tell them his name, but he still could not remember his address. He consented to a draw of his blood and was taken in handcuffs to the Comanche County Hospital for that purpose. Subsequent testing by an OSBI Forensic Toxicology Criminalist revealed the presence of methamphetamine, amphetamine, fentanyl, and a metabolite of THC which is the active ingredient in marijuana.

¶4 During his bench trial, Appellant was not provided counsel and was forced to represent himself, despite explicitly asking for counsel at the beginning of his trial. "Once again, I request counsel. I'm just saying I'm forced to do this alone but I filed two Pauper Affidavits on the issue I understand, for the best I could be I'm ready." The Court then stated to the prosecutor, "You may proceed." During his closing argument, Appellant again requested counsel and quoted at length from the U.S. Supreme Court's decision in Powell v. Alabama, 287 U.S. 45, (1932), one of numerous cases stressing the importance of access to legal counsel for one accused of a crime. At the close of the trial, the court found Appellant guilty and sentenced him to one year, suspended, and a $300.00 fine.

ANALYSIS

¶5 In his sole proposition of error, Appellant argues, and the State judiciously concedes, he was denied the right to counsel. We agree.

¶6 The district court's ruling on a request for counsel is reviewed for an abuse of discretion. See Mathis v. State, 2012 OK CR 1271 P.3d 67Parker v. State, 1976 OK CR 293556 P.2d 1298Neloms v. State, 2012 OK CR 7274 P.3d 161

¶7 The fundamental right of the criminally accused to be represented by counsel is guaranteed by the Sixth Amendment to the United States Constitution and article II, section 20 of the Oklahoma Constitution. The Sixth Amendment right was held applicable to the states and incorporated through the Due Process Clause of the Fourteenth Amendment in Gideon v. Wainwright, 372 U.S. 335 (1963). See also, Swanegan v. State, 1987 OK CR 180743 P.2d 131Painter v. State, 1988 OK CR 224762 P.2d 990

¶8 The fact that Appellant's sentence was suspended in its entirety by the trial court has no effect upon his constitutional right to counsel. A defendant who is given a suspended sentenced may one day be forced to serve that sentence of incarceration, and thus the right to counsel is the same as if the sentence were not suspended.

A suspended sentence is a prison term imposed for the offense of conviction. Once the prison term is triggered, the defendant is incarcerated not for the probation violation, but for the underlying offense. The uncounseled conviction at that point "result[s] in imprisonment," Nichols, 511 U.S., at 746; it "end[s] up in the actual deprivation of a person's liberty," Argersinger, 407 U.S., at 40.

Alabama v. Shelton, 535 U.S. 654, 662 (2002).

¶9 In this case Appellant asked for appointed counsel and provided at least some evidence of his claimed indigency, but in the end he was forced to represent himself in a criminal trial. A conviction on such terms cannot stand and Appellant is entitled to a new trial wherein his federal and state constitutional rights to be represented by counsel are observed.

DECISION

¶10 Appellant's misdemeanor conviction in Comanche County District Court Case No. CM-2023-137 is REVERSED and the case is REMANDED for new trial. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2025), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM COMANCHE COUNTY DISTRICT COURT
THE HONORABLE SUSAN ZWAAN, SPECIAL JUDGE

 

 
 
 
 APPEARANCES AT TRIAL
  

 ROBERT WAYNE SPYBUCK
 PRO SE

 
 
 
  

  

 KELLY WOODSON
 BRENT PARMER
 ASST. DISTRICT ATTORNEYS
 COMANCHE CO. COURTHOUSE
 315 SW 5TH STREET
 LAWTON, OK 73501
 COUNSEL FOR STATE
 
 APPEARANCES ON APPEAL
 
 JEREMY STILLWELL
 APPELLATE DIVISION WEST
 OKLAHOMA INDIGENT
 DEFENSE SYSTEM
 111 N. PETERS
 NORMAN, OK 73069
 COUNSEL FOR APPELLANT
 
 
 
 GENTNER F. DRUMMOND
 ATTORNEY GENERAL OF
 OKLAHOMA
 MICHEL A. TRAPASSO
 ASST. ATTORNEY GENERAL
 313 NE 21st STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 

OPINION BY: ROWLAND, J.
LUMPKIN, P.J.: Concur
MUSSEMAN, V.P.J.: Concur
LEWIS, J: Concur
HUDSON, J.: Concur

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105