Billy E. GRIMES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–18188.

Court of Criminal Appeals of Oklahoma.

July 2, 1973.

**232**

William S. Flanagan, Walters, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., John C. Williams, Legal Intern, for appellee.

OPINION

BLISS, Presiding Judge:

Billy E. Grimes, hereinafter referred to as appellant, was arrested on December 9, 1959. On December 11, 1959, appellant was brought before a magistrate in Cotton County, Oklahoma, on a complaint for Murder. At this proceeding appellant was informed of his rights including right to counsel and informed that the present proceeding could be adjourned in order to allow appellant time to obtain counsel, either of his own choosing or in the event appellant was unable to secure counsel, to be provided with such. Appellant asked for and received a suspension of the December 11, 1959, proceeding. Subsequently, appellant engaged counsel of his own choosing and proceedings were again conducted on the 14th of December, at which time appellant was represented by counsel and a date for a preliminary hearing was set. At the preliminary hearing, the appellant was bound over for trial which was held on March 28 through 31, 1960. As a result, appellant was found guilty of Murder and sentenced to life imprisonment in the State Penitentiary at McAlester. A duly perfected appeal was brought before this Court and on October 18, 1961, judgment and sentence was affirmed. [Grimes v. State, Okl.Cr., 365 P.2d 739 (1961)] On October 18, 1972, the appellant filed an application for post-conviction relief with the District Court of Cotton County. This application was dismissed. From this denial for post-conviction relief, the appellant now appeals to this Court.

Appellant first contends on appeal that the trial court erred in not ordering an evidentiary hearing as provided for in 22 O.S.1971, § 1084, and erred in not providing counsel for appellant's application. The appellant's application for post-conviction relief raised issues of law and not issues of fact. Appellant claimed that he was not given the Miranda warnings before making a statement to the authorities; that he was denied the use of the telephone

upon his arrest; that he was denied counsel during an in-custody interrogation; that he was denied a fair trial by reason of systematic exclusion of certain groups of jurors; and that appellant was denied his right to be brought before a magistrate without unnecessary delay. Because these complaints are not matters of fact but of law, the trial court was able to summarily decide appellant's allegations on the application and the available portions of the record. Title 22 O.S.1971, § 1084, provides in part:

"*If* the application cannot be disposed of on the pleadings and record, *or* there exists a material issue of fact, the court shall conduct an evidentiary hearing at which time a record shall be made and preserved." (Emphasis added)

In this case, none of the appellant's complaints required hearing additional factual evidence.

■ Turning to appellant's original allegations, he first raises the question of receiving no Miranda warnings before making a statement to police. Appellant relies on the Miranda and Escobedo cases to support his right to the warnings. However, appellant's statement was made in 1959, prior to Miranda and Escobedo, and these landmark decisions, not being retroactive [Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); and Story v. State, Okl.Cr., 452 P.2d 822 (1969)], have no applicability to the case before us. In considering the possible denial of due process aside from Miranda and Escobedo, we find that this was passed on by this Court in its opinion on the appeal from judgment and sentence. At that time this Court held appellant was advised of his rights before giving his statement (Grimes v. State, Okl.Cr., 365 P.2d 739) and consequently, the matter is res judicata and barred from being claimed here. Harrell v. State, Okl.Cr., 493 P.2d 461 (1972).

■ Appellant's second complaint alleges denial of access to a telephone upon his arrest. The trial court received an affidavit from the sheriff who originally arrested Grimes in which the sheriff stated that the appellant was not denied the use of a telephone. This right is statutory, not constitutional, and was not promulgated until 1965. Title 59 O.S.1965 Supp., § 1338. Again appellant relies on Miranda and Escobedo to support this right and we repeat these cases are not applicable retroactively. Since the trial court passed on this question and we find sufficient evidence to support their conclusion as stated by the court in its post-conviction findings, we will not reverse that finding nor hold that the question required an evidentiary hearing.

■ Appellant's third allegation, denial of Miranda advice as to right of counsel before interrogation, is not meritorious again because this case preceded Miranda.

■ The trial court found that appellant's allegation of violation of constitutional rights of fair and impartial trial by reason of systematic exclusion of appellant's peers as jurors was unfounded. The record shows the jurors were chosen according to the laws of Oklahoma. This law has been specifically held constitutional by Porter v. District Court of Oklahoma County, Okl.Cr., 462 P.2d 338 (1969), and therefore this issue was properly decided by the trial court.

■ With regard to detention for forty-eight hours before being brought before a magistrate, appellant has alleged no prejudice arising therefrom. As we said in Brown v. State, Okl.Cr., 384 P.2d 54 (1963):

". . . The burden is on the defendant to establish prejudice by reason of the delay."

We therefore hold this complaint without merit.

■ Finally, appellant alleges that his constitutional right to counsel was denied by reason of not being assigned counsel for his application for post-conviction relief. Title 22 O.S.1971, § 1082, provides:

"If the applicant is unable to pay court costs and expenses of representation, he

shall include an affidavit to that effect with the application, which shall then be filed without costs. Counsel necessary in representation shall be made available to the applicant *after* filing the application on a *finding by the court that such assistance is necessary to provide a fair determination of meritorious claims.* If an attorney is appointed to represent such an applicant then the fees and expenses of such attorney shall be paid from the court fund." (Emphasis added)

The meaning of this statute is clear. The court first considers the merits of applicant's allegations and if it deems it sufficiently worthy, the court appoints counsel to represent the applicant. In this case, the trial court did not find appellant's application meritorious, but did, in an effort to give the appellant every benefit of the doubt, appoint counsel for his appeal to this Court. We can find nothing objectionable in the trial court's procedure.

BRETT and BUSSEY, JJ., concur.