D.L. JONES, Jr., Petitioner,

v.

STATE of Oklahoma, Respondent.

No. PC–84–571.

Court of Criminal Appeals of Oklahoma.

Aug. 2, 1985.

---

ORDER DENYING APPLICATION FOR
POST CONVICTION RELIEF AND
AFFIRMING DEATH SENTENCE

The petitioner, D.L. Jones, Jr., has appealed from the denial of post-conviction relief by the District Court of Comanche County in Case No. CRF–79–372. We affirm the District Court's denial of post-conviction relief, and affirm the sentence of death.

**1.** The facts surrounding the petitioner's crimes may be found in *Jones v. State,* 648 P.2d at

The procedural posture of this case may be summarized as follows: On June 9, 1980, the petitioner was sentenced to death by lethal drug injection for the offense of Murder in the First Degree, and to twelve (12) years imprisonment for the offense of Assault and Battery with a Deadly Weapon.[1] Petitioner filed a direct appeal to this Court, and we affirmed the convictions and sentences. *Jones v. State,* 648 P.2d 1251 (Okl.Cr.1982). The United States Supreme Court denied Jones' petition for writ of certiorari. *Jones v. Oklahoma,* 459 U.S. 1155, 103 S.Ct. 799, 74 L.Ed.2d 1002 (1983). A petition for post-conviction relief was filed in the District Court of Comanche County on June 3, 1983, asserting thirteen propositions which alleged errors by this Court on appeal and the District Court at trial. On July 27, 1984, the Honorable William M. Roberts, District Judge, denied the application, and an appeal was timely brought to this Court. Oral argument was had, and the case was submitted on March 12, 1985.

Petitioner has raised nine assignments of error before this Court. In eight of these assignments, the petitioner alleges errors the District Court ruled were bypassed by the failure of the petitioner to raise on direct appeal. *See* 22 O.S.1981, § 1086. Appellant claims the District Court erred in disposing of these claims in such a summary fashion, but we do not agree.

■ As the District Court correctly noted, the issue of bypass is governed by 22 O.S.1981, § 1086. This section of the Post-Conviction Procedure Act states:

All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subse-

1253–1254.

**1140**

quent application, unless the court finds a ground for relief which for sufficient reason was not asserted or was inadequately raised in the prior application. We have previously construed this section as limiting the right to assert errors by one who has either waived or bypassed his statutory direct appeal. *Maines v. State,* 597 P.2d 774, 775–776 (Okl.Cr.1979). We also have construed this statute to bar the assertion of alleged errors which could have been raised on direct appeal, but were not. *Ellington v. Crisp,* 547 P.2d 391, 392–93 (Okl.Cr.1976). Our interpretation of this section is consistent with the legislature's statement defining the scope of the Act, to-wit:

> ... *Excluding a timely appeal,* this act encompasses and replaces all common law and statutory methods of challenging a conviction or sentence.

Title 22 O.S.1981 § 1080 (Emphases added). *See also Maines v. State, supra* at 776. In short, if an issue is bypassed on direct appeal, it may not be asserted on application for post-conviction relief. To hold otherwise "would tend to erode the limitation cited above [section 1080], and undermine the efficacy of the statutory direct appeal." *Id.*

Petitioner claims that three exceptions to this rule exist: (1) That the petitioner should be able to assert issues for the first time on application for post-conviction relief if the case involves imposition of the death penalty; (2) that a petitioner may at any stage assert constitutional errors; and (3) that a petitioner may assert those errors which were inadequately raised on direct appeal. We note that neither of the first two "exceptions" are listed in section 1086 of the Post-Conviction Procedure Act. Furthermore, regarding the first, we have never differentiated the treatment between capital and non-capital cases for purposes of post-conviction appeal. *See Coleman v. State,* 693 P.2d 4 (Okl.Cr.1985). Petitioner's reliance on *Stewart v. State,* 495 P.2d 834 (Okl.Cr.1972) as support for this second "exception" is also misplaced. In that case we considered a constitutional argument,

raised for the first time on application for post-conviction relief, because the constitutional remedy was unavailable at trial or on direct appeal. *Id.* at 836.

The Act itself lists two exceptions to the bypass rule, to-wit: Those "ground[s] which for sufficient reason[s] were not asserted or [were] inadequately raised ..." Title 22 O.S.1981, § 1086. The first exception deals with those situations, as in *Stewart v. State, supra,* in which a "sufficient reason" prevented the assertion of the error at trial or on direct appeal, such as a subsequent change in the law affecting the petitioner's case. The second situation is intended to allow the petitioner to seek post-conviction relief when the bypass is occasioned solely by a procedural error of counsel. *See Castleberry v. State,* 590 P.2d 697 (Okl.Cr.1979).

In this case, the petitioner raises on this appeal eight assignments of error which were never asserted on direct appeal. The petitioner gives no explanation for this bypass of his right to appeal, and the record does not reflect one. These assignments of error were properly rejected by the trial court.

Finally, the petitioner contends the sentence of death in this case is disproportionate, and should be modified by this Court to life imprisonment. However, we previously considered this issue on direct appeal, and found it to be without merit. We adhere to that ruling. *See Castleberry v. State, supra.*

**IT IS THEREFORE THE ORDER OF THIS COURT** that the District Court's denial of post-conviction relief in the District Court of Comanche County, Case No. CRF–79–372, should be, and the same hereby is, **AFFIRMED.**

**IT IS SO ORDERED.**

ED PARKS, P.J.
TOM BRETT, J.
HEZ BUSSEY, J.