**Malcolm Rent JOHNSON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. PC–90–129.**

Court of Criminal Appeals of Oklahoma.

Dec. 27, 1991.

As Corrected Jan. 15, 1992.

Mark Barrett, Asst. Appellate Public Defender, Mandy Welch, Deputy Appellate Public Defender, Norman, Thomas M. Lahiff, Jr., Steven J. Barnes, New York City, for appellant.

Robert H. Henry, Atty. Gen., Sandra Diane Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Presiding Judge:

The present case arises from the trial court's denial of Appellant's second Application for Post–Conviction relief, brought pursuant to 22 O.S.1981, § 1080 *et seq.*, in the District Court of Oklahoma County. Appellant seeks further review of his 1982 conviction for First Degree Murder of 78 year old Ura Thompson. Testimony at trial established that Miss Thompson died of suffocation after being forcefully raped. After finding that the existence of two aggravating circumstances outweighed the mitigating evidence offered by Appellant, the jury requested that a sentence of death sentence be imposed.[1] Appellant raises twelve issues in this second application, any one of which he claims should entitle him to relief from this Court. Based on the substantive and lengthy record present-

---

1. The conviction was affirmed on direct appeal (F–82–312) by this Court in a published opinion issued January 16, 1987, published at 731 P.2d 993. Certiorari was denied by the United States Supreme Court at 484 U.S. 878, 108 S.Ct. 35, 98 L.Ed.2d 167 on October 5, 1987. Appellant's first Application for Post–Conviction Relief (PC–88–90) was denied in unpublished orders entered on March 1, 1988 and March 16, 1988. Appellant attempted to obtain federal habeas corpus relief, however, on October 19, 1989, the Petition was dismissed for failure to exhaust all state claims.

ed in connection with the two previous appeals in this case, we decline to grant further review of the conviction and therefore affirm the decision of the trial court denying the Application.

Oklahoma criminal procedures provide each and every defendant in this State with the means to pursue a direct appeal of all convictions as a matter of right. 22 O.S. 1981, § 1051. Provision is made under the law to provide counsel to those defendants not able to afford representation to ensure that the right is carried out in a meaningful manner. 22 O.S.1981, § 1355, *et seq.* By providing a means of comprehensive review of a conviction, the legislature has sought to ensure that any claim to relief which a defendant may make will be heard and if meritorious, remedied at the soonest possible time.

Likewise, the passage of the Uniform Post–Conviction Procedure Act was intended to protect the valuable rights of criminal defendants. Unlike the provisions providing for direct appeal, however, the scope of this remedial measure is strictly limited in its application [2].

█ It has long been the law in Oklahoma that post-conviction relief measures are not a substitute for a direct appeal. *Cartwright v. State,* 708 P.2d 592 (Okl.Cr. 1985); *Jones v. State,* 704 P.2d 1138 (Okl. Cr.1985); *Ellington v. Crisp,* 547 P.2d 391 (Okl.Cr.1976). *See also* 22 O.S.1981, § 1086. We held in *Jones* that the provisions of Section 1080 are to be strictly limited to only those claims which, for whatever reason, could not have been raised on direct appeal. *Jones,* 704 P.2d at 1140. Section 1086 limits the relief available on subsequent petitions to only "those grounds which for sufficient reason[s] were not asserted or [were] inadequately raised." *Id.*

█ The establishment and recognition of this type of procedural prohibition is necessary to at some point close the books on a particular case. Without any restraint on the number of times in which a defendant could seek review of his judgment and sentence on any ground, there would never be a point at which the system could rely on the finality of the judgment and sentence. By limiting the available avenues of review, the rights of defendants are protected while providing a finite number of opportunities for relief. Such a limitation on the right to judicial review is constitutionally permissible and should be respected. *McCleskey v. Zant,* —— U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

In *McCleskey,* the Supreme Court considered the effects of multiple requests for habeas review of the same conviction. The Court dismissed the petition before it, holding that a defendant may not continuously raise new claims in subsequent writs without proving that the delayed request which resulted in the procedural default was the result of inexcusable neglect. With regard to the need for finality of convictions the Court stated:

> Far more severe are the disruptions when a claim is presented for the first time in a second or subsequent federal habeas petition. If "collateral review of a conviction extends the ordeal of trial for both society and the accused" ... the ordeal worsens during subsequent collateral proceedings. Perpetual disrespect

---

**2.** In 22 O.S.1981, § 1080, the legislature provided a means to allow relief for error which falls into one of six narrow categories. Relief may be granted under the Act if the defendant proves:

(a) that the conviction or the sentence was in violation of the Constitution of the United States or the Constitution or laws of this State;

(b) that the court was without jurisdiction to impose sentence;

(c) that the sentence exceeds the maximum authorized by law;

(d) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interests of justice;

(e) that his sentence has expired, his suspended sentence, probation, parole, or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint; or

(f) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy.

for the finality of convictions disparages the entire criminal justice system. (Citations omitted.)

The Court recognized and reaffirmed the rule that in cases of procedural default, "the petitioner must show that 'some objective factor external to the defense impeded counsel's efforts' to raise that claim in state court." *Id.* at —, 111 S.Ct. at 1470, quoting *Murray v. Carrier*, 477 U.S. 478, 487, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). This is in keeping with the long time requirement that failure to raise allegations at the first available opportunity will be excused only on a showing of "cause and prejudice." *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The Court in *McCleskey*, further explained that " '[c]ause ... requires a showing of some external impediment preventing counsel from constructing or raising a claim' .... For cause to exist, the external impediment, whether it be government interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey* — U.S. at —, 111 S.Ct. at 1472. (Citations omitted).

■ Although the *McCleskey* case is specifically applicable to claims brought under federal habeas corpus statutes, we find its message to be equally applicable to explain the processes involved when we are called upon to consider various subsequent attempts to invoke our jurisdiction in the same underlying case. As is the case in the federal courts, we will not review new claims brought in successive petitions or applications that could have or should have been brought at some previous point in time without proof of adequate grounds to excuse the delay. *Cartwright v. State*, 708 P.2d at 594; *Jones v. State*, 704 P.2d at 1139; *Ellington v. Crisp*, 547 P.2d at 392. *See also Maines v. State*, 597 P.2d 774, 775 (Okl.Cr.1979); *Stewart v. State*, 495 P.2d 834, 835 (Okl.Cr.1972).

■ With these ground rules in mind, we turn to an analysis of Appellant's claims. Our first task is to determine whether any of the claims are presented under a procedural posture to allow consideration from

this Court. Of the twelve grounds alleged in the current Petition, there is significant overlap between the claims. Many of the claims are raised in conjunction with claims of ineffective assistance of counsel at either trial or on appeal and then raised a second time without those allegations. While some attempt is made to justify the exclusion of the grounds from the direct appeal, without exception, Appellant has made no attempt to present reasons to this Court why none of the arguments were raised in his first application for post-conviction relief. Accordingly, we cannot find that there is any reason presented by Appellant's failure to address the claims at some preceding point in the appellate process. In that all the claims deal with evidentiary matters presented at trial or the instructions given to the jury, there can be no question that the factual basis for the claim should have been known at the time the first attempt to obtain post-conviction relief was made.

■ Based on our finding that Appellant is procedurally barred from raising most of the claims brought in the current application, we find that we need address only the issue which impact the denial of his application by the trial court. Appellant's claim in this regard, which is not an allegation of error, but a complaint with the procedures followed when the trial court considered his current application for relief, asserts a constitutional right to an evidentiary hearing when presenting his claims to the district court. We cannot agree with this contention. The statutory section in question, 22 O.S.1981, § 1084, provides that an evidentiary hearing will only be required "if the application cannot be disposed of on the pleadings and record, or there exists a material issue of fact." There was no finding by the trial court that any issues were presented which demanded an evidentiary hearing. Contrary to Appellant's claim that the trial court failed to make findings of fact with regard to his claims, we are impressed with the obvious effort put forth by the trial court to in fact make very detailed conclusions regarding Appellant's claims. There is no indication that the

record was in any way incomplete or that any issues were presented which required proof not contained in those records. The trial court more than adequately resolved all the issues presented based on the records before it. There was no need for an evidentiary hearing. *Coleman v. State*, 693 P.2d 4 (Okl.Cr.1984); *Grimes v. State*, 512 P.2d 231 (Okl.Cr.1973).

The order of the trial court thoroughly sets out the claims made in the application and finds, as we do, that the claims are barred because of the failure to raise them in any earlier forum. The decision of the trial court was properly based on the law which is discussed above. Accordingly, finding no reason to deviate from the trial court's findings, we affirm the decision, denying the application. Additionally, we find that Appellant has exhausted all his state remedies.

LUMPKIN, V.P.J., and BRETT, PARKS and JOHNSON, JJ., concur.