**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 28 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

WAYNE CURTIS RIDGEWAY,

     Petitioner-Appellant,

v.

STEVE KAISER, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

     Respondents-Appellees.

No. 99-7018
(E.D. Okla.)
(D.Ct. No. 97-CV-595-S)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Wayne Curtis Ridgeway, a state inmate appearing *pro se*, appeals the district court's decision dismissing his habeas corpus petition pursuant to 28 U.S.C. § 2254 and denying his request for a certificate of appealability. We deny Mr. Ridgeway's request for a certificate of appealability and dismiss his appeal.

Mr. Ridgeway pled guilty to attempted first degree rape and forcible oral sodomy after former conviction of two or more felonies. The state trial court sentenced him to two consecutive terms of imprisonment consisting of eighty-one years for the rape and twenty years for the sodomy charge. Mr. Ridgeway subsequently filed a motion to withdraw his guilty plea contending it was not knowing and voluntary. The state trial court denied the motion, and on appeal, the Court of Criminal Appeals for the State of Oklahoma denied Mr. Ridgeway's petition for writ of certiorari.

Thereafter, Mr. Ridgeway filed a *pro se* application for state post-conviction relief claiming the state trial court erred in enhancing his sentences for convictions arising out of the same transaction or occurrence. He claimed the enhancement resulted in the court wrongfully sentencing him under the habitual criminal statute, Okla. Stat. tit. 21, § 51(b). In attempting to overcome the procedural bar in raising these new claims, Mr. Ridgeway suggested his trial and

appellate counsel were ineffective because they failed to raise these issues on direct appeal. The trial court denied the application, and the Oklahoma Court of Criminal Appeals affirmed finding Mr. Ridgeway failed to show cause why either he or his counsel were prevented from constructing or raising these claims on direct appeal. In addition, the court concluded the record did not show deficient performance by his appellate counsel in failing to raise these claims, that Mr. Ridgeway was somehow improperly sentenced as an habitual offender, or that he received a sentence in excess of the law.

In his federal habeas corpus petition, Mr. Ridgeway claimed: (1) the state trial court improperly enhanced his sentences with convictions arising out of the same transaction or occurrence; (2) the state trial court denied him due process of law because it sentenced him under the habitual offender statute; (3) his state appellate counsel was ineffective because he failed to raise the ineffectiveness of his trial counsel in not challenging the use of his prior convictions; and (4) he was never informed of the actual minimum or maximum range of punishment for the crimes at issue.

The district court assigned the petition to a federal magistrate judge who recommended dismissal of Mr. Ridgeway's petition. The magistrate judge

determined Mr. Ridgeway failed to show entitlement to federal habeas relief on the issues involving the use of his prior convictions and the habitual offender statute in determining his sentence. With respect to Mr. Ridgeway's claim of ineffective assistance of counsel, the magistrate judge found that the Oklahoma Court of Criminal Appeals, after analyzing the claim under the correct federal standards, properly found no merit to the claim. Finally, after reviewing the record, the magistrate judge determined the court advised Mr. Ridgeway of the minimum and maximum sentences when he entered his plea, so his plea was voluntary, knowing and intelligent. The district court adopted the magistrate judge's findings and recommendations and dismissed the petition.

On appeal, Mr. Ridgeway raises the same issues presented to and addressed by the district court. He also claims insufficient evidence supports the magistrate judge's findings and conclusions, and for the first time on appeal, alleges his innocence to the crimes surrounding his three prior felony convictions used to enhance his sentence.

We review *de novo* both the legal bases for the district court's dismissal of Mr. Ridgeway's § 2254 petition, s*ee Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir.), *cert. denied,* 119 S. Ct. 378 (1998), and Mr. Ridgeway's ineffective

assistance of counsel claim. *United States v. Prows*, 118 F.3d 686, 691 (10th Cir 1997). We review the district court's factual findings for clear error, presume the state court's factual findings are correct, and afford deference to the state court's construction of state law. *Jackson*, 143 F.3d at 1317. In considering Mr. Ridgeway's appeal, his *pro se* pleadings must be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v . Kerner*, 404 U.S. 519, 520-21 (1972)).

With these standards in mind, we begin by noting that Mr. Ridgeway failed to present the issues involving the use of his prior convictions and the habitual offender statute on direct appeal to the Oklahoma Court of Criminal Appeals. Under Oklahoma law, if a prisoner bypasses an issue on direct appeal, he may not assert that issue in application for state post-conviction relief, unless "sufficient reason" prevented assertion of the error or it was caused by a procedural error of counsel. *See Jones v. State*, 704 P.2d 1138, 1140 (Okla. Crim. App. 1985). In this case, the Oklahoma Court of Criminal Appeals determined Mr. Ridgeway failed to show a sufficient reason for the procedural error or that his appellate counsel rendered deficient performance by failing to raise these claims on direct appeal. Thus, the state appeals court concluded Mr. Ridgeway procedurally

defaulted his claims as to the use of his prior convictions and the habitual offender statute.

Despite his procedural default at the state level, Mr. Ridgeway in his federal appeal renews his argument that the state trial court improperly used his prior convictions and the habitual offender statutes in determining his sentencing. In his attempt to overcome the procedural bar on his defaulted state claim, Mr. Ridgeway again suggests his default resulted from his appellate counsel's failure to raise the prior convictions and habitual offender claims on direct appeal. The general rule is that failure to raise a claim at trial or on direct appeal will preclude federal habeas corpus review of the merits of the claim absent a showing of either cause and prejudice, or a fundamental miscarriage of justice. *Brecheen v. Reynolds*, 41 F.3d 1343, 1363 (10th Cir. 1994), *cert. denied*, 515 U.S. 1135 (1995). However, when the underlying claim is ineffective assistance of counsel, this general rule no longer applies and federal habeas review may occur. *Id.* In order for Mr. Ridgeway to succeed on this ineffective assistance of counsel claim, he must show his attorney's performance was deficient, and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Even construing Mr. Ridgeway's *pro se* pleadings liberally, a review of the record establishes he has not shown the requisite cause and prejudice, or ineffective assistance of counsel, necessary to overcome the procedural bar surrounding his claim. While he premises his default on ineffective assistance of appellate counsel, the record shows his counsel's performance was not deficient. Specifically, his appellate counsel explained he did not raise the prior conviction and habitual offender statute issues on direct appeal because Rule 4.2(b) of the Rules of the Oklahoma Court of Criminal Appeals mandates that no matter may be raised in the petition for writ of certiorari unless the same issues were raised in the application to withdraw the guilty plea. Because Mr. Ridgeway's application to withdraw the plea did not raise these issues, his appellate counsel reasonably believed he was restricted from raising them on direct appeal, unless he supplemented the record. Our record shows appellate counsel explained to Mr. Ridgeway the possibility of pursuing the prior conviction issue by supplementing the record with certified copies of those convictions, but that Mr. Ridgeway failed to assist counsel in pursuing this course of action. Thus, Mr. Ridgeway fails to establish that ineffective assistance of appellate counsel resulted in his default.

Mr. Ridgeway's conclusory and unsupported assertion that he is innocent of the prior convictions on which his sentence is based is also insufficient to

overcome his procedural default, or to undermine our confidence in his guilty plea to the instant convictions. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995). The fact Mr. Ridgeway claims his innocence as to his prior convictions for the first time on appeal, coupled with his failure to allege his innocence as to the charges in his instant convictions, leads us to conclude that he has not made a colorable showing of innocence necessary under the fundamental miscarriage of justice standard. Because Mr. Ridgeway has not shown any other reason for failing to raise these issues on direct appeal, the district court properly concluded that he failed to present an argument supporting federal habeas relief.

Mr. Ridgeway also contends his appellate counsel was ineffective because he failed to raise, on direct appeal, the issue of his trial counsel's ineffectiveness in not challenging the use of his prior convictions. However, it was not unreasonable for Mr. Ridgeway's appellate counsel to omit such a claim in the direct appeal involving Mr. Ridgeway's motion to withdraw his guilty plea, because the motion centered on Mr. Ridgeway's alleged uninformed guilty plea and not on ineffective assistance of counsel. Moreover, as noted, appellate counsel attempted to assist Mr. Ridgeway in supplementing the record with his prior convictions in order to ultimately initiate a proper appeal of those issues. Thus, we do not consider his appellate counsel's performance deficient.

Finally, we conclude Mr. Ridgeway's guilty plea was not involuntary, unknowing or unintelligent. The transcripts of the plea and sentencing hearings clearly establish Mr. Ridgeway knew, prior to pleading guilty, that the minimum sentence was twenty years and that no maximum penalty existed.

In order to obtain a certificate of appealability, Mr. Ridgeway must make "'a substantial showing of the denial of a constitutional right.'" *Lennox v. Evans*, 87 F.3d 431, 434 (10th Cir. 1996) (quoting 28 U.S.C. § 2253), *cert. denied*, 519 U.S. 1081 (1997), and *overruled on other grounds by United States v. Kunzman*, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997), *cert. denied*, 118 S. Ct 1375 (1998). Mr. Ridgeway fails to make such a showing.

For these reasons, we deny Mr. Ridgeway's request for a certificate of appealability, and **DISMISS** his appeal.

        **Entered by the Court:**

        **WADE BRORBY**
        United States Circuit Judge