**F I L E D**

**UNITED STATES COURT OF APPEALS**

**NOV 22 1999**

**TENTH CIRCUIT**

————————————————

JESSE GARZA,

      Petitioner-Appellant,

v.

GARY L. GIBSON, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents-Appellees.

No. 99-7036
(E.D. Okla.)
(D.Ct. No. CV-98-157-S)

————————————————————

**ORDER AND JUDGMENT**[*]

————————————————————

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

————————————————————

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

      [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Jesse Garza, a state inmate, appeals the district court's decision dismissing his habeas corpus petition filed pursuant to 28 U.S.C. § 2254 as a "mixed petition" containing both unexhausted and exhausted claims. We deny Mr. Garza a certificate of appealability,[1] and dismiss his appeal.

In 1972, Mr. Garza, a sixteen-year-old, plead guilty to one count of first degree murder and a jury convicted him of a second count of first degree murder. Mr. Garza received two concurrent terms of life imprisonment. In 1995, while serving his sentence, a jury convicted Mr. Garza of first degree murder for killing his cellmate, and the court sentenced him to life imprisonment without parole. Mr. Garza filed a direct appeal to the Oklahoma Criminal Court of Appeals, which affirmed the 1995 conviction. He did not file an application for post-conviction relief on his 1995 conviction in state court.

On April 1, 1998, Mr. Garza filed his federal habeas petition alleging six

---

[1] Mr. Garza did not request a certificate of appealability and the district court made no ruling thereon. Under our Emergency General Order of October 1, 1996, we deem the district court's failure to issue a certificate of appealability within thirty days after filing the notice of appeal as a denial of a certificate. *See United States v. Riddick*, 104 F.3d 1239, 1241 n.2 (10th Cir. 1997), *overruled on other grounds, United States v. Kunzman*, 123 F.3d 1363 (10th Cir. 1997). Accordingly, we construe the appeal as Mr. Garza's request to this Court for a certificate of appealability. *Id.*

claims for relief concerning his 1995 conviction, including unexhausted claims asserting: (1) ineffective assistance of counsel at trial and on appeal for failure to raise the issue on the invalidity of his prior convictions; (2) improper government threats to use his invalid 1972 convictions to impeach his testimony, thereby preventing Mr. Garza from testifying in his own defense; and (3) ineffective assistance of counsel for failure to object to the government's improper withholding of exculpatory or mitigative evidence. The government moved to dismiss the petition because it contained exhausted and unexhausted claims.

Mr. Garza opposed the government motion to dismiss, arguing: (1) he "constructively" exhausted the first two of these claims because he unsuccessfully filed several applications for state post-conviction relief to invalidate his 1972 convictions, and thus, any state post-conviction appeal on his 1995 conviction, based on those prior convictions, would be futile; and (2) his petition should not be dismissed simply because he may failed to aver "*enough* evidentiary detail on either the issue of exhaustion, or on the nonavailability of meaningful and effective State remedies" (emphasis in original).

After considering Mr. Garza's response, the district court dismissed Mr. Garza's petition in its entirety finding he did not raise the three identified

unexhausted claims in any state proceedings.  On appeal, Mr. Garza sets forth an exhaustive discussion concerning the issue of exhaustion, the merits of his petition, and the invalidity of his underlying convictions.[2]  Gleaning out the crux of Mr. Garza's appeal, it centers on his contention the district court improperly failed to address his "excusal-from-exhaustion grounds," which are predicated on his claim that any attempt to seek state post-conviction relief, on the claims connected with the invalidity of his 1972 convictions, would be futile in light of his unsuccessful state litigation attacking those convictions.  He also suggests the federal judge should have recused himself from reviewing his petition because he presided over his federal habeas petition attacking his 1972 convictions, and as a state judge, presided over one of his state post-conviction applications attacking those convictions.

We review the legal basis for the district court's dismissal of Mr. Garza's § 2254 petition *de novo*.  *Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999), *petition for cert. filed* (U.S. Nov. 5, 1999) (No. 99-6954).  Mr. Garza's claims are exhausted if a state appellate court had the opportunity to rule on the claims, or if

---

[2] Mr. Garza's forty-nine-page appeal brief exceeds the thirty-page requirement under Federal Rule of Appellate Procedure 32(7)(A).  Although we address Mr. Garza's appeal, we admonish his counsel for failure to adhere to this court's rules.

he has no available state avenue of redress. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir.), *cert. denied*, 506 U.S. 924 (1992).

We are mindful Mr. Garza has unsuccessfully filed a direct state appeal and two state post-conviction applications challenging the validity of his prior 1972 convictions, and has an appeal pending before this court concerning the federal district court's dismissal of his federal habeas petition contesting the validity of his 1972 convictions. However, Mr. Garza clearly has not filed any direct appeal or state post-conviction petition concerning the three claims the district court determined he did not exhaust.

We acknowledge that under Oklahoma law, if a prisoner bypasses an issue on direct appeal, he may not assert that issue in application for state post-conviction relief. *Jones v. State*, 704 P.2d 1138, 1140 (Okla. Crim. App. 1985). However, Oklahoma courts have long recognized certain exceptions to this procedural bar and allowed defendants to raise issues not asserted on direct appeal if "sufficient reason" prevented assertion of the error or if defendant passed direct appeal because of a procedural error of counsel. Okla. Stat. tit. 22, § 1086 (1986); *Jones*, 704 P.2d at 1140; *see also Pickens v. State*, 910 P.2d 1063, 1069 (Okla. Crim. App. 1996) (stating that for ineffective assistance of counsel

claims raised for the first time in post-conviction proceedings, the court will "review each case on its individual merits, examining each specific proposition in connection with the specific facts of each case as the need arises"); *Paxton v. State*, 910 P.2d 1059, 1061-62 (Okla. Crim. App. 1996) (noting exceptions to the rule that ineffective assistance claims not raised on direct appeal may be waived).

In this case, a possible available state avenue of redress exists with respect to Mr. Garza's claim of ineffective assistance of counsel for failure to object to the government's withholding of exculpatory or mitigative evidence, which does not in anyway implicate or concern his 1972 convictions. Thus, he has not exhausted this claim and his petition is subject to dismissal as a "mixed" petition, regardless of our disposition of the other two claims.[3]

Alternatively, Mr. Garza claims that if any of his claims were unexhausted,

---

[3] As to the remaining two claims, they are based on the alleged invalidity of Mr. Garza's 1972 convictions, and we agree state remedies appear futile given Mr. Garza's apparent lack of success in litigating the validity of those conviction in several state post-conviction proceedings. However, we decline to address the merits of Mr. Garza's remaining two "unexhausted" claims given this appeal still involves a "mixed petition," and pending our disposition of Mr. Garza's other appeal concerning his federal habeas petition attacking the validity of those same convictions. In practicality, Mr. Garza is attempting to obtain "two bites of the apple" by having us address issues concerning the validity of those convictions in this appeal without final disposition of his other appeal.

the district court should have given him the opportunity to amend his petition to eliminate the "mixed petition" problem or held the petition "in abeyance pending further efforts at exhaustion in the State Courts."  However, a district court must dismiss "mixed petitions" containing both exhausted and unexhausted claims, *Rose v. Lundy*, 455 U.S. 509, 510 (1982), rather than dismissing only the unexhausted claims.  *See Harris v. Champion*, 48 F.3d 1127, 1131 (10th Cir. 1995).  A court cannot adjudicate the exhausted claims in a mixed petition unless the petitioner amends the petition to delete the unexhausted claim or submits a new petition raising only the exhausted claims after the court dismisses the first petition.  *See Harris*, 48 F.3d at 1131.

In this case, Mr. Garza did not amend his petition to eliminate the unexhausted claim pending before the district court,[4] and the district court could not on its own initiative dismiss it.  Instead, the district court properly dismissed Mr. Garza's petition in its entirety.  Although the district court did not explicitly dismiss the petition with or without prejudice, its reliance on *Rose v. Lundy* indicates dismissal "without prejudice."  In that case, the Supreme Court held that

---

[4] Mr. Garza's attorney requested permission only to "replead whatever areas of technical deficiency" the district court might perceive in the petition, but not to amend the petition to exclude the unexhausted claims.

where a mixed petition is filed, the district court must dismiss the petition, thereby giving the petitioner the choice of either refiling a petition containing only the exhausted claims or risk delaying his habeas petition pending the exhaustion of all of his claims. *Cf. Rose v. Lundy*, 455 U.S. at 521. We note that a habeas petition filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies does not count as a second or successive petition for purposes of the gate keeping provisions of the Anti-Terrorism and Effective Death Penalty Act. *See McWilliams v. Colorado*, 121 F.3d 573, 575 (10th Cir. 1997).

Finally, Mr. Garza contends the district judge should have recused himself because he presided over his federal habeas petition and one of his state post-conviction applications attacking his 1972 convictions. Because Mr. Garza's counsel filed neither an affidavit nor a motion for recusal for consideration by the district court, we decide the issue under a plain error standard. *Cf. United States v. Kimball*, 73 F.3d 269, 273 (10th Cir. 1995). We find Mr. Garza's mere assertion the district judge should be disqualified because he adversely disposed of his other cases insufficient to form a basis for disqualification.

Under these circumstances, we conclude Mr. Garza fails to make a

"substantial showing of the denial of a constitutional right" as required under 28 U.S.C. § 2253(c)(2). Accordingly, we deny Mr. Garza a certificate of appealability and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge