FILED
United States Court of Appeals
Tenth Circuit

September 15, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALVIS CLINTON HIGGINS,

        Petitioner - Appellant,

v.

MIKE ADDISON, Warden,

        Respondent - Appellee.

No. 10-5048
(N.D. Oklahoma)
(D.C. No. 4:06-CV-00429-CVE-TLW)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **MURPHY**, **GORSUCH,** and **HOLMES**, Circuit Judges.

---

Proceeding *pro se*, Alvis Clinton Higgins seeks a certificate of appealability ("COA") from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Because Higgins has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

After a jury trial, Higgins was convicted of two counts of lewd molestation, in violation of Okla. Stat. tit. 21, § 1123(A), and one count of sexual battery, in violation of Okla. Stat. tit. 21, § 1123(B). After considering the ten challenges

Higgins raised on direct appeal, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the convictions in an unpublished opinion. Higgins then filed an application for post-conviction relief with the Oklahoma district court, raising eight claims of error. As to Higgins's claims of ineffective assistance of appellate counsel, the state district court applied the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and concluded Higgins failed to show his counsel's performance was deficient. The court further concluded Higgins's claims of ineffective assistance of trial counsel, double jeopardy, and sufficiency of the evidence had been substantially raised on direct appeal and, thus, the doctrine of res judicata barred further review. Finally, the court refused to consider Higgins's claim that the trial court lacked jurisdiction to sentence him, concluding the claim was procedurally barred. *See Jones v. State*, 704 P.2d 1138, 1140 (Okla. Crim. App. 1985). Accordingly, the state district court denied Higgins's post-conviction application. The OCCA affirmed the denial of post-conviction relief on June 21, 2005. Higgins's second application for post-conviction relief was also denied by the state district court. On appeal, however, the OCCA concluded Higgins had been denied a complete appeal in his first post-conviction appeal through no fault of his own. Accordingly, the OCCA addressed all of Higgins's claims of entitlement to post-conviction relief but affirmed the denial of both post-conviction applications.

Higgins filed the instant § 2254 habeas petition on July 26, 2006. In his petition, Higgins raised seven claims of error. The district court first addressed the following claims, all of which were previously adjudicated by the Oklahoma courts: (1) Higgins's due process rights were violated because he was required to wear an ankle monitor during his trial; (2) Higgins was denied a fair trial because members of the group "Bikers Against Child Abuse" attended his trial; (3) Higgins's trial was fundamentally unfair because the trial court admitted a videotaped interview into evidence and permitted the jury to bring the videotape into the jury room during deliberations; (4) the state presented insufficient evidence to support the lewd molestation conviction, thereby violating his due process rights; and (5) Higgins's appellate counsel provided ineffective assistance. Applying the standard set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the district court concluded that the Oklahoma courts' adjudication of these claims was not contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). The district court denied Higgins relief on these claims. The court then concluded that numerous allegations of ineffective assistance of counsel, a claim based on *Crawford v. Washington*, 541 U.S. 36 (2004), a challenge to the jury instruction for the charge of lewd molestation, and a cumulative error claim were all procedurally defaulted in Oklahoma state court and determined the state procedural bar was independent and adequate. The district court concluded it was

procedurally barred from considering the claims because Higgins failed to show cause for the default and actual prejudice or that the failure to review his claims would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

This court cannot grant Higgins a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Higgins has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Higgins is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Higgins's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes Higgins is not entitled to a COA. The district court's resolution of Higgins's claims is not reasonably subject to debate and the claims are not adequate to deserve further

proceedings. One issue raised in Higgins's application for COA, however, deserves further clarification.

Higgins argues he is entitled to an evidentiary hearing to resolve factual disputes surrounding the claims relating to the ankle monitor he allegedly wore throughout the trial. The ankle monitor claim was presented to the OCCA on direct appeal and relief was denied because nothing in the record before the OCCA suggested the monitor was visible to the jury. *Deck v. Missouri*, 544 U.S. 622, 626 (2007) ("The law has long forbidden routine use of visible shackles during the guilt phase; it permits a State to shackle a criminal defendant only in the presence of a special need."). In his first post-conviction application, Higgins raised an ineffective assistance of counsel claim relating to this issue, arguing his appellate attorney was ineffective for failing to provide the OCCA with affidavits from fourteen individuals who averred that they attended Higgins's trial and could clearly see the ankle monitor. The state trial court resolved this ineffective assistance issue without referencing the affidavits provided by Higgins, stating Higgins's appellate counsel "presented relevant issues which were supported by facts and authority sufficient to enable the [OCCA] to consider those issues." The OCCA addressed the issue on the merits in Higgins's second post-conviction appeal but summarily denied relief. In his counseled § 2254 application, Higgins raised both the substantive issue and the ineffective assistance issues. The district court denied relief, concluding (1) the OCCA's resolution of the substantive issue

was not contrary to or an unreasonable application of clearly established law and (2) the ineffective assistance claim was not properly developed. In his pro se appellate brief, Higgins conflates his substantive claim with his ineffective assistance claim. It is clear the district court's denial of habeas relief on both claims is not reasonably subject to debate. Even assuming the ankle monitor was worn during trial and was visible to the jury, Higgins has not identified any Supreme Court holding expressly extending the general prohibition on restraining a criminal defendant with visible shackles to the factual situation presented here. *See House v. Hatch*, 527 F.3d 1010, 1017 (10th Cir. 2008) ("[T]he threshold determination that there is no clearly established federal law is analytically dispositive in the § 2254(d)(1) analysis.").

Because Higgins has not "made a substantial showing of the denial of a constitutional right," he is not entitled to a COA. 28 U.S.C. § 2253(c)(2). Accordingly, this court **denies** Higgins's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-6-